UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, and<br>KAREN G. AND STEPHEN WRIGHT,<br>d/b/a WRIGHT WINE WORKS,<br><br>*Plaintiff*s,<br><br>vs.<br><br>RUTH ANN MINNER, Governor,<br>M. JANE BRADY, Attorney General,<br>and JOHN CORDERY, Control Commissioner of<br>the Office of the Division of Alcoholic Beverage,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs make the following allegations for their Complaint based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. 1983 challenging the constitutionality of Delaware Code Title 4 §501(a)(d)(f), Delaware Code Title 4 §526(a)(b)(c)(e), and Delaware Administrative Code Title 4 Rule Number 77, which prohibit out-of-state wineries from selling and shipping wine directly to consumers and restaurants within the State of Delaware. Plaintiffs seek a declaratory judgment that this statutory scheme violates the Commerce Clause of the United States Constitution and that plaintiffs have been deprived under color of law of their constitutional rights and privileges to engage in interstate commerce. Plaintiffs seek an injunction barring

defendant from enforcing these laws to prohibit out-of-state wineries from selling and shipping wine directly to consumers and restaurants.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## PLAINTIFFS

6. Plaintiffs Joseph Hurley is a resident of Dover, Delaware, which is in New Castle County. He is over the age of twenty-one, does not live in a dry county, and is legally permitted to purchase, receive, possess and drink wine at that address.  He is a regular purchaser and consumer of wine, and would purchase bottled wine from out-of-state wineries and have those wines shipped to his residence if Delaware law permitted him to do so.

7. Wright Wine Works is Pennsylvania partnership that operates a winery in Barto, Pennsylvania. It holds all necessary Pennsylvania and federal licenses and permits to manufacture and sell wine in interstate commerce.  It intends to sell and ship wines directly to John Jones and other consumers at their residences, and to licensed restaurants at their places of business, in the State of Delaware, if the laws prohibiting such sales and shipments are removed or declared unconstitutional.

8. Plaintiffs intend to pay all taxes that may be due on such interstate shipments and to comply with all other State regulations.

### **DEFENDANTS**

9. Defendants are sued in their official capacities.

10. Defendant Ruth Ann Minner is the Governor of the State of Delaware and is generally responsible for executive decisions in the State.

11. Defendant M. Jane Brady is the Attorney General for the State of Delaware and is generally responsible for the enforcement of Delaware state laws, including laws pertaining to the sale and transportation of alcohol.

12. Defendant John Cordery is the Control Commissioner of the Office of the Division of Alcoholic Beverage for the State of Delaware, which has general for licensing and regulation of wine and wineries, both in state and out of state.

13. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

### **COMMERCE CLAUSE VIOLATION COUNT I: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES TO CONSUMERS**

14. In the State of Delaware an in-state winery may obtain a license from Defendants which allows it to sell Delaware wine directly to individuals and retailers, without going through a separate wholesaler, pursuant to Delaware Code Title 4 §512A(a).

15.     Delaware's wineries are also permitted to sell and deliver their wines at the wineries and tasting rooms to consumers and other classes of customers, including on Sunday. .

16.     Wright Wine Works and other wineries located outside the State of Delware may not sell, deliver or ship their wine directly to consumers in the State of Delaware. They may only sell their wine through a separate wholesaler after obtaining a "suppliers license" pursuant to Delaware Code Title 4 §501(a)(b)(f).

17.     Plaintiff Joseph Hurley wants to buy wine directly from Wright Wine Works and other wineries outside Delaware and to have the wine delivered to his residence.  He is willing to pay all taxes on such purchases.

18.     Wright Wine Works is located in the state of Pennsylvania, produces bottled wine for commercial sale, and wants to sell its wine directly to Joseph Hurley and other consumers in the State of Delaware by Internet and to ship the wine to the customers' residences.

19.     Wright Wine Works has previously received requests from residents of the State of Delaware to sell, deliver and ship wine to them.

20.     Plaintiffs cannot complete the transactions described in paragraphs 17 to 19 because the laws of the State of Delaware prohibit them.

21.     If Wright Wine Works were permitted to sell and deliver its wine directly to consumers in the State of  Delaware, it would comply with all applicable laws and regulations concerning permits, licenses, labeling, reporting, proof of age, and payment of taxes.

22.     The laws of the State of Delaware treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminate against out-of-state wineries, and provide economic advantages and protection to wineries in Maryland, all in violation of the Commerce Clause of the United States Constitution.

## COMMERCE CLAUSE VIOLATION COUNT II: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES TO LICENSED RETAIL WINE SELLERS

23.     Pursuant to Delaware Code, Title 4 § 512(a), an in-state winery may sell, deliver and ship its wine directly to retail wine dealers, including restaurants, for resale to consumers, if the winery obtains a license to manufacture wine from the Defendants.

24.     The Defendants will issue the license described in the above paragraph only to wineries located within the Delaware that are making wine from Delaware fruit. The defendants will not issue a farm winery license to Wright Wine Works or other wineries located outside the State.

25.     Wright Wine Works and other wineries located outside the State of Delaware may not sell, deliver or ship their wine directly to licensed restaurants in the State of Delaware, but may only sell their wine through a separate wholesaler.

26.     Wright Wine Works is located in the state of Pennsylvania, produces bottled wine for commercial sale, and wants to sell its wine directly to restaurants and other retail dealers in the State of Delaware, but is prohibited from doing so by the laws of the State of Delaware.

27.     If Wright Wine Works were permitted to sell and deliver its wine directly to restaurants, it would comply with all applicable laws and regulations concerning permits, licenses, reporting, labeling, proof of age, and payment of taxes.

28.     The laws of the State of Delaware treat interstate sales and delivery of wine to retail wine dealers differently from intra-state sales and delivery of wine to retail dealers, discriminate against out-of-state wineries, and provide economic advantages and protection to Delaware wineries, all in violation of the Commerce Clause of the United States Constitution

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A.      Judgment declaring Delaware Code Title 4 §501(a)(d)(f), Delaware Code Title 4 §526(a)(b)(c)(e), and Delaware Administrative Code Title 4 Rule Number 77, unconstitutional, to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to consumers and restaurants in the Commonwealth of Pennsylvania, as a violation of the Commerce Clause of the United States Constitution.

B.      An injunction prohibiting Defendants from enforcing those statutes and requiring them to allow out-of-state wineries to sell and deliver wine directly to consumers and restaurants in Delaware.

C.      Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

D. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

E. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

_____
Robert D. Epstein ( Indiana Attorney No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN   46204
Tel:  317-639-1326
Fax:  317-638-9891
rdepstein@aol.com


_____
James A. Tanford (Indiana Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu


_____
James R. Folsom (Delaware Attorney No._____)
Attorney at Law
1215 North King Street
Wilmington, DE  19801
Tel: 302-658-8982
Fax: 302-658-8987
delawareattorney@aol.com