# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, and<br>KAREN G. WRIGHT AND STEPHEN WRIGHT,<br>d/b/a WRIGHT WINE WORKS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:05-cv-826-SLR |
| RUTH ANN MINNER, Governor,<br>M. JANE BRADY, Attorney General,<br>and JOHN CORDERY, Delaware Alcoholic<br>Beverage Control Commissioner, | ) ) ) ) ) | |
| Defendants. | | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## <u>MOTION TO DISMISS</u>

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Laura L. Gerard</u>
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated:  January 20, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . .    1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

I.    THE GOVERNOR IS NOT A PROPER PARTY. . . . . . . . .    7

II.    THE ATTORNEY GENERAL IS NOT A PROPER PARTY. .    9

    A.  The Attorney General is not vested with authority to
        enforce the challenged statutory provisions. . . . . . . . . .    9

    B.  The Attorney General decides whether to appear
        in litigation challenging the constitutionality of
        a state statute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

III.    DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS'
      SUIT IS NOT RIPE NOR DOES PLAINTIFF WRIGHT
      HAVE STANDING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

    A.  No actual controversy that is ripe for judicial
        consideration exists. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

    B.  Plaintiff Wright lacks standing to bring this litigation. . . .    15

IV.    PLAINTIFFS' REQUESTED RELIEF POTENTIALLY
      EXCEEDS THE SUBJECT MATTER JURISDICTION OF
      THIS COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    18

## TABLE OF CITATIONS

**Cases**                                                                 **Page(s)**

Abbott Laboratories v. Gardner, 387 U.S. 136 (1967) . . . . . . . . . . . . .   14

ACLU v. The Florida Bar, 999 F.2d 1486 (11th Cir. 1993) . . . . . . . . . .   14

Anderson v. Redman, 474 F.Supp. 511 (D.Del. 1979) . . . . . . . . . . . . .   11

Artway v. Attorney General of the State of New Jersey,
        81 F.3d 1235  (3d. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . .   14

Ashwander v. TVA, 297 U.S. 288 (1936) . . . . . . .. . . . . . . . . . . . . . .   12

Baker v. Carr, 369 U.S. 186 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . .   15

Children's Health is a Legal Duty v. Deters, 92 F.3d 1412
        (6th Cir. 1996), cert. den., 519 U.S. 1149 (1997) . . . . . . . . . . . .   8, 9

Darling Apt. Co. v. Springer, 22 A.2d 397  (Del.Ch. 1941) . . . . . . . . . .   10

Diamond v. Charles, 476 U.S. 54 (1986) . . . . . . . . . . . . . . . . . . . . . .   8, 9

Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1 (2004) . . . . . . . .   12

Gomez v. Toledo, 446 U.S. 635  (1980) . . . . . . . . . . . . . . . . . . . . . . . .   7

Granholm v. Heald, 544 U.S. --, 125 S.Ct. 1885 (2005) . . . . . . . . . . . . .   16, 17

KVUE, Inc. v. Moore, 709 F.2d 922 (5th Cir. 1983) . . . . . . . . . . . . . . . .   13

324 Liquor Corp. v. Duffy, 479 U.S. 335 (1987) . . . . . . . . . . . . . . . . . .   15

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . . . . . .   15

Markowitz v. Northeast Land Co., 906 F.2d 100 (3d Cir. 1990) . . . . . . .   7

Mendez v. Heller, 530 F.2d 457  (2d Cir. 1976) . . . . . . . . . . . . . . . . . . .   9, 11

Poe v. Ullman, 367 U.S. 497 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Ransom v. Marrazzo, 848 F.2d 398 (3d Cir. 1988) . . . . . . . . . . . . . . . . .   7

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) . . . . . . . . . . . . . . .   8

**Cases**                                                               **Page(s)**

Salvation Army v. Dept. of Community Affairs
        of the State of New Jersey, 919 F.2d 183 (3d Cir. 1990) . . . . . . .   12, 13

Schrob v. Patterson, 948 F.2d 1402 (3d Cir. 1991) . . . . . . . . . . . . . . . .   7

Slack v. McDaniel, 529 U.S. 437 (2000) . . . . . . . . . . . . . . . . . . . . . .   12

Step-Saver Data System, Inc. v. Wyse Tech,
        912 F.2d 643 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . .   14

Valley Forge Christian College v. Americans United
        for Separation of Church and State, Inc.,
        454 U.S. 464 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

1st Westco Corp. v. School Dist. of Philadelphia,
        6 F.3d 108 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 9, 10

Wyatt, Virgin Islands, Inc. v. Gov't. of the Virgin Islands,
        385 F.3d 801,  806 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . .   14

Younger v. Harris, 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . .   13


**Statutes**

28 U.S.C. § 2201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 12

28 U.S.C. § 2403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 12, 14

4 Del.C. § 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 10

4 Del.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 3, 6, 16

4 Del.C. § 512A(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 3, 4, 5, 6

4 Del.C. § 526 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 3, 6, 12

4 Del.C. § 554 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

4 Del.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 3

**Statutes**                                                                 **Page(s)**

4 <u>Del.C.</u> § 703 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 16

29 <u>Del.C.</u> 2501 <u>et</u> <u>seq</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9, 10

29 <u>Del.C.</u> § 8201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

29 <u>Del.C.</u> § 8202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

29 <u>Del.C.</u> § 8203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7, 8

29 <u>Del.C.</u> § 8204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7, 8, 9, 10

47 <u>P.S.</u> § 5-505.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5


**Rules**

<u>Fed.R.Civ.Proc.</u> 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7, 14

<u>Fed</u>. <u>R.Civ.</u> <u>Proc</u>. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

Commissioner Rule No. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 6, 17

Commissioner Rule No. 8.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 6, 17

Commissioner Rule No. 77 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 6

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs Joseph Hurley ("Hurley") and Karen and Stephen Wright doing business as Wright Wine Works ("Wright") (collectively "Plaintiffs") filed their complaint on or about December 2, 2005, and their amended complaint on or about January 6, 2006, challenging the validity of various statutes contained in Title 4, Delaware Code, known as the Delaware Liquor Control Act ("Act"). Plaintiffs seek declaratory and injunctive relief,[1] alleging that Sections 501, 526, 701 and 703 of the Delaware Liquor Control Act and Commissioner Rule Nos. 8, 8.1 and 77 violate the Commerce Clause of the United States Constitution. Plaintiffs specifically request this Court to declare Sections 501(a)(d) and (f), 526(a)(b)(c) and (e), 701, and 703, Title 4, Delaware Code and Commissioner Rule Nos. 8, 8.1 and 77, unconstitutional, to enjoin Defendants from enforcing those statutes and regulations, and to require Defendants to allow out-of-state wineries to sell and deliver wine directly to consumers, restaurants and retailers in Delaware. D.I. 4, pars. A and B.

Plaintiffs named as Defendants Governor Ruth Ann Minner in her official capacity as the Governor of Delaware, the Honorable M. Jane Brady in her official capacity as the Attorney General of Delaware,[2] and John Cordrey in his official capacity as the Commissioner of Alcoholic Beverage Control. Plaintiffs allege the three Defendants act under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein. D.I. 4, par. 13.

This is Defendants' Brief in Support of their Motion to Dismiss.

---

[1] Plaintiffs do not seek relief for monetary damages.
[2] The Honorable Carl C. Danberg has succeeded, as Attorney General, the Honorable M. Jane Brady, who is now a judge with the Superior Court of the State of Delaware.

## SUMMARY OF ARGUMENT

I.    The Governor is not a proper party to this litigation and is entitled to be dismissed.

II.    The Attorney General also is not a proper party to this litigation and entitled to be dismissed. The Attorney General is not vested with enforcement powers over the statutory provisions at issue. Further, the Attorney General decides whether to appear in litigation that challenges the constitutionality of a state statute.

III.    Dismissal is appropriate because the matter is not ripe for adjudication under 42 U.S.C. § 1983 or the Declaratory Judgment Act, 28 U.S.C. § 2201(a), nor does Plaintiff Wright have standing.

IV.    Plaintiffs' requested relief potentially exceeds the subject matter jurisdiction of this Court.

For the reasons above, Defendants are entitled to have Plaintiffs' Complaint dismissed with prejudice as requested herein by Defendants.

## STATEMENT OF FACTS

Plaintiffs Hurley and Wright allege Sections 501, 526, 701 and 703 of Title 4, Delaware Code, the Delaware Liquor Control Act ("Act") and Commissioner Rule Nos. 8, 8.1 and 77 violate the Commerce Clause of the United States Constitution, and seek declaratory and injunctive relief.[3]   Plaintiffs specifically request this Court to declare Sections 501(a)(d) and (f), 526(a)(b)(c) and (e), 701, 703, Title 4, Delaware Code and Commissioner Rule Nos. 8, 8.1, and 77 unconstitutional, to enjoin Defendants from enforcing those statutes and regulations, and to require Defendants to allow out-of-state wineries to sell and deliver wine directly to consumers, restaurants and retailers in Delaware. D.I. 4, pars. A and B.

At no time to date has Plaintiff Wright applied for a direct shipper license, as provided and available pursuant to 4 Del.C. § 526 and Rule No. 77.

Plaintiffs have named as Defendants Governor Ruth Ann Minner, in her official capacity as the Governor of Delaware, Attorney General M. Jane Brady[4], in her official capacity as the Attorney General of Delaware, and John Cordrey, in his official capacity as the Commissioner of Alcoholic Beverage Control. Plaintiffs have named the Governor because the Governor is generally responsible for executing the laws of Delaware, including those statutes challenged here. D.I. 4, par. 10. Plaintiffs also named the Attorney General because the Attorney General is generally responsible for the enforcement of Delaware state laws, including laws pertaining to the sale and transportation of alcohol. D.I. 4, par.11.   Further, Plaintiffs allege the Defendants act

---

[3]     Plaintiffs do not seek relief for monetary damages.

[4]     See footnote 2, infra.

under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein. D.I. 4, par. 13.

Plaintiffs allege in-state Delaware licensed wineries may sell wine directly to individuals and retailers, without going through a wholesaler, pursuant to 4 Del.C. § 512A, and may sell and deliver wines on the premises to consumers, yet claim that Plaintiff Wright can only sell wine through a wholesaler after obtaining a suppliers license or a direct shippers license, neither of which allow direct sales and deliveries to consumers. D.I. 4, pars. 14-16. Plaintiff Wright seeks to sell its wine directly to Delaware consumers by internet, telephone and on-site orders, and to deliver wine directly to customers' residences. D.I. 4, par. 18. Plaintiff Wright also alleges that a Delaware-licensed farm winery may sell, deliver and ship its wine directly to retailers, including restaurants, yet claim it may only sell and ship its wine to a wholesaler. D.I.4, pars 23, 25. Plaintiffs further allege the Delaware laws treat interstate sales and delivery of wine differently from intra-state sales and delivery, discriminate against out-of-state wineries, and provide economic advantages and protection to wineries in Delaware. D.I. 4, pars. 22 and 28.

Section 512A, Title 4, Delaware Code, provides in relevant part:

> (a) Upon proper application and subject to the provisions, restrictions and prohibitions of this title, the Commissioner may grant a license to any person who is the owner or lessee of a farm winery to manufacture, ferment, blend, age, store and bottle wine containing 14 percent or less of ethyl alcohol by volume on the premises designated in the license. … Notwithstanding any provisions of this title to the contrary, *a farm winery licensee shall be authorized to sell, deliver and ship such wine* in barrels, bottles or other closed containers *to persons licensed under the provisions of this title to import wine or to purchase wine for the purpose of resale*; and to sell and ship wine to persons outside of the State in accordance with this title.

> (b) A farm winery licensee shall also be authorized to store and sell wine *on the premises* by the bottle or by the glass for consumption on or off the premises where sold.

4 <u>Del.C.</u> § 512A (emphasis added).[5]

There is no direct selling of wine to individuals permitted under Section 512A, other than as an on-premises licensee.  4 <u>Del.C.</u> § 512A(b). Plaintiff Wright operates a winery in Pennsylvania and holds all necessary Pennsylvania licenses to manufacture and sell wines in interstate commerce. D.I.4, par. 7. A licensed winery in Pennsylvania, referred to as a "limited winery," is, like Delaware, allowed to sell on-premises to individuals.  47 <u>P.S.</u> § 5-505.2.[6]  The on-premises license to sell to individuals in Delaware, provided by 4 <u>Del.C.</u> § 512A, is the same or similar license to sell on-premises to individuals that Plaintiff Wright enjoys as a licensed limited winery in Pennsylvania.

---

[5]   According to proposed legislation that has been introduced, Delaware licensed farm wineries and out-of-state wineries licensed as Delaware direct shippers both would be permitted under the Delaware Liquor Control Act to sell, ship and deliver directly to wholesalers only. This proposed legislation is the basis for Defendants' Motion to Stay Proceedings.

[6]   The Pennsylvania law for limited wineries provides in relevant part:
"(a) In the interest of promoting tourism and recreational development in Pennsylvania, holders of a limited winery license may:

> (1)  Produce alcoholic ciders, wines and wine coolers, … only from an agricultural commodity grown in Pennsylvania.
> (2)  *Sell alcoholic cider, wine and wine coolers produced by the limited winery* or purchased in bulk … *on the licensed premises ... to individuals* and to brewery, hotel, restaurant, club and public service liquor licensees, and to Pennsylvania winery licensees; …

> * * *

> (6) (iii)  The purpose of this section is to increase the productivity of limited wineries while at the same time protecting the integrity and unique characteristics of wine produced from fruit primarily grown in this Commonwealth. …

> (6.1) Sell food for consumption on or off the licensed premises and sell by the glass only wine and alcoholic ciders that may otherwise be sold by the bottle.

47 <u>P.S.</u> § 5-505.2 (emphasis added).

The privileges of Pennsylvania and Delaware wineries regarding on-premises sales to individuals are identical.

An out-of-state licensee can sell and ship directly to a Delaware licensed wholesaler, for delivery to a retailer and final delivery to a Delaware resident, by obtaining a Delaware direct shipper license. 4 Del.C. § 526; Rule No. 77. A Delaware-licensed farm winery also has the same ability to sell, deliver and ship wine to a Delaware licensed wholesaler, under 4 Del.C. § 512A(a). If licensed as a direct shipper under 4 Del.C. § 526, Plaintiff Wright would actually pay a licensing fee substantially less than the requisite licensee fee for an in-state Delaware farm winery.[7]

Plaintiffs request this Court to declare several provisions of the Act unconstitutional. Among these provisions is Section 501, which establishes the three-tier system in Delaware. Plaintiffs also ask this Court to declare unconstitutional Section 703 of Title 4, Delaware Code, which requires those engaged in the sale, shipment, transportation and delivery of wine and beer to do so in accordance with State regulations and file a statement of the date, amount and description of the transaction to the Commissioner, as the State official appointed to regulate the liquor industry in Delaware.

Plaintiffs further seek to have the Court declare Commissioner Rule Nos. 8 and 8.1 unconstitutional. These rules are essential to the proper supervision of the alcohol industry in Delaware by providing agents of the Division of Alcohol and Tobacco Enforcement the opportunity to monitor and inventory the amount and types of alcoholic beverages coming into Delaware and determine the taxes owed thereon.

---

[7]   The licensee fee for an in-state Delaware farm winery is $1,000 biennially, while the fee for a direct shipper license is $250 annually. 4 Del.C. § 554(ff), Rule No. 77.

## ARGUMENT

### STANDARD OF REVIEW

Motions to dismiss for failure to state a claim upon which relief may be granted is afforded under Federal Rule 12(b)(6). "The test to be applied in deciding a motion to dismiss for failure to state a claim requires this court to accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them, and to refrain from granting a dismissal unless it is certain that no relief could be granted under any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). "While all well-plead allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of acts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." Gomez v. Toledo, 446 U.S. 635, 636 (1980); Schrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Dismissal is also appropriate where there is a lack of jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

Based upon the reasons stated herein, Plaintiffs' Complaint should be dismissed as requested by Defendants.

### I.    THE GOVERNOR IS NOT A PROPER PARTY.

The Delaware General Assembly created the Department of Safety and Homeland Security ("Department"). 29 Del.C. § 8201 et seq. This Department is headed by a Secretary, who is appointed by and serves at the pleasure of the Governor. 29 Del.C. § 8202. The Division of Alcohol and Tobacco Enforcement ("Division") is one of the

divisions of the Department. 29 Del.C. §§ 8203, 8204. There is no specific power listed in Chapter 82, Title 29, Delaware Code that directs the Governor or the Secretary of this Department to enforce the alcoholic beverage laws in Delaware. Rather, that power is specifically vested in the Division of Alcoholic and Tobacco Enforcement and its Director. 29 Del.C. §§ 8203, 8204; 4 Del.C. § 401 et seq.

A general authority to enforce or execute state laws is not sufficient to make government officials proper parties to a suit that challenges the constitutionality of a specific law. Children's Health is a Legal Duty v. Deters, 92 F.3d 1412, 1416 (6th Cir. 1996), cert. den, 519 U.S. 1149 (1997). When a statute is challenged, the state official designated to enforce said statute is the proper defendant. Diamond v. Charles, 476 U.S. 54, 64 (1986). Only if an official has enforced or threatened to enforce a statute against a plaintiff may a plaintiff bring suit against that official who has authority for the statute's enforcement. 1st Westco Corp. v. School Dist. of Philadelphia, 6 F.3d 108 (3d Cir. 1993); see also Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) (no realistic potential that general enforcement power would be applied to department regulation);

The single allegation in Plaintiffs' complaint against Governor Minner is that she is "*generally responsible* for executing the laws of the State, including those challenged herein." D.I. 4, par. 10 (emphasis added). This lone claim, based completely upon an allegation of general authority, is inadequate for the Governor to be brought as a party. Rode, supra, at 1208-1209. There is no allegation or showing concerning the Governor's personal behavior or a specific action taken against Plaintiffs. Further, there is no allegation or showing the Governor has enforced or threatened to enforce the challenged provisions of the Delaware Liquor Control Act against Plaintiffs. Westco, supra, at 113.

The Governor is entitled to be dismissed as no relief can be obtained from her with respect to the enforcement of the sale and transport of alcohol.

II.    **THE ATTORNEY GENERAL IS NOT A PROPER PARTY.**

The Attorney General also is not a proper party to this litigation and, like the Governor, is entitled to be dismissed. Contrary to Plaintiffs' allegation, the Attorney General is not vested with enforcement authority over the challenged statutory provisions or the laws pertaining to the sale and transportation of alcohol. D.I. 4, par.11. Further, the Attorney General has discretion as to whether to appear in litigation that challenges the constitutionality of a state statute.

A.    **The Attorney General is not vested with authority to enforce the challenged statutory provisions.**

The specific power to enforce the alcoholic beverage laws in Delaware rests with the Division of Alcohol and Tobacco Enforcement. 29 Del.C. § 8204; 4 Del.C. § 401 et seq. Again, there is no precise power described in the Delaware Liquor Control Act or Title 29, Chapter 25, Delaware Code directing the Attorney General to enforce the alcoholic beverage laws.

A general duty to enforce state laws does not create grounds for liability, even though a State Attorney General has such general authority. 1st Westco Corp. v. School Dist. of Philadelphia, 6 F.3d 108 (3d Cir. 1993). In Westco, the Court of Appeals for the Third Circuit discussed which was the proper party – the school district or the Pennsylvania Attorney General – when a state statute was challenged as unconstitutional. The court held the school district, not the State Attorney General, had the right and authority, pursuant to statute, to enforce that statute:

> *If we were to allow Westco to join the Commonwealth Officials in this lawsuit based on their general obligation to enforce the laws of the Commonwealth, we would quickly approach the nadir of the slippery slope*; each state's high policy officials would be subject to defend every suit challenging the constitutionality of any state statute, no matter how attenuated his or her connection to it. *Such a result is undesirable, a drain on resources of time and money, and contrary to Rode.*

Westco, 6 F.3d at 116 (emphasis added); see also Diamond v. Charles, 476 U.S. 54, 64 (1986); Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976) (state Attorney General with no authority for enforcement of statute not proper party to action challenging statute's constitutionality); Children's Health is a Legal Duty v. Deters, supra, 92 F.3d at 1416 (6th Cir. 1996) (proper party defendant for statutory challenge is state official with enforcement of said statute).

The Attorney General's position here as a party defendant is similar to that of the Governor's. Again, Plaintiffs' solitary allegation against the Attorney General is for being "*generally responsible* for the enforcement of Delaware state laws, including laws pertaining to the sale and transportation of alcohol." D.I. 4, par. 11 (emphasis added). To the contrary, the specific authority to enforce the laws concerning the sale and transportation of alcohol rests with the Division of Alcohol and Tobacco Enforcement. 4 Del.C. 401 § et seq; 29 Del.C. § 8204. There is no specific authority in the Delaware Liquor Control Act or elsewhere in Chapter 25, Title 29, Delaware Code that empowers the Attorney General to enforce the alcoholic beverage law. See, e.g., Darling Apt. Co. v. Springer, 22 A.2d 397, 403 (Del.Ch. 1941)(Attorney General's powers are as broad as the common law unless restricted or modified by statute). Further, Plaintiffs do not allege or show the Attorney General has enforced or threatened to enforce against them the Delaware Liquor Control Act. Westco, supra, at 113.

Because the Attorney General does not have specific authority under the law to enforce the laws concerning the sale and transport of alcohol, no remedy can be obtained from the Attorney General here. Therefore, dismissal of the Attorney General as a party is required.

**B.     The Attorney General decides whether to appear in litigation where the constitutionality of a state statute is challenged.**

The Attorney General is required to be notified of any challenges to the constitutionality of a state statute. 28 U.S.C. § 2403. This provision provides the Attorney General with due process (notice and opportunity to be heard) where a state statute is disputed, but does not order the Attorney General be a party to each action where the constitutionality of a state statute is challenged.

While a state attorney general may have a general duty to support the constitutionality of a challenged state statute, s/he accomplishes this as a representative of the State's interest in asserting the validity of its statute, not as a named party opponent. Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976). This duty does not necessitate the Attorney General to be a party defendant in each suit that disputes a state statute. The Attorney General may, but is not required to, intervene in every suit that disputes the constitutional validity of a state statute. See, e.g., Anderson v. Redman, 474 F.Supp. 511, 513 (D.Del. 1979) (invitation to intervene).

Accordingly, the Attorney General has the discretion of whether to appear in litigation that makes a constitutional claim against a state statutory provision.

For this reason and others raised herein, the Attorney General is entitled to be dismissed as a named party.

**III.    DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS' SUIT IS NOT RIPE NOR DOES PLAINTIFF WRIGHT HAVE STANDING.**

The federal courts have long adhered to the prudential rule of not adjudicating constitutional issues unless necessary.  Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11-12 (2004).  It is a long-standing practice that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."  Slack v. McDaniel, 529 U.S. 437, 485 (2000) (citing Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).  It is, therefore, proper for this Court to determine the case here on procedural grounds prior to argument on the merits of the case.

Plaintiff Wright has not applied for licensure as a direct shipper, despite the availability of this license. 4 Del.C. § 526.  If Wright obtained licensure as a direct shipper, it could sell and ship its product to Delaware in accordance with Delaware law, for personal consumption by Delaware residents.  There is nothing precluding Wright from doing so. Further, no injury has occurred to Plaintiff Wright. No enforcement action or threat of enforcement has been alleged or shown by Plaintiffs. Consequently, this suit is not ripe for adjudication nor does Plaintiff Wright have standing to sue.

**A.    No actual controversy that is ripe for judicial decision exists.**

Plaintiffs' suit is not an actual controversy for purposes of 42 U.S.C. § 1983 or the Declaratory Judgment Act, 28 U.S.C. § 2201(a). "[F]ederal judicial power is to be exercised to strike down legislation, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action." Poe v. Ullman, 367 U.S. 497, 504 (1961). Federal 1983 case law requires that "[i]n order to present a justiciable controversy in an action seeking a

declaratory judgment to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " Salvation Army v. Dept. of Community Affairs of the State of New Jersey, 919 F.2d 183, 192 (3d Cir. 1990) (citation omitted).  In this case, Plaintiffs have suggested only a vague desire to do business at some future time. Plaintiff Wright has not asserted any immediate intention to sell or ship alcoholic beverages into Delaware or made any showing that its business plan includes expanding its promotional or sales activities into this State. Consequently, it can demonstrate absolutely no *probability* of any imminent threat of prosecution.

"[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not be accepted as appropriate plaintiffs in such cases." Younger v. Harris, 401 U.S. 37, 42 (1971).  In Harris, this included where plaintiffs did "not claim that they have ever been threatened with prosecution, that a prosecution is likely, or that a prosecution is remotely possible."  Id.  "Allegations of chilling injury are not sufficient basis for standing to challenge a government action, at least when the chill is 'subjective' and not substantiated by evidence that the government action has a present and concrete effect."  Salvation Army, 919 F.2d at 193 (citations omitted).  The dispute must be real, not hypothetical, and the plaintiff must be personally affected. KVUE, Inc. v. Moore, 709 F.2d 922, 927 (5th Cir. 1983).

Such injury as Plaintiff Wright may suffer is not only "subjective" but self-inflicted. As an out-of-state winery, Plaintiff Wright has the opportunity to apply for a license to do business in Delaware; the fact that it has not done so cannot be blamed on

the Delaware Liquor Control Act or Defendants. It is simply the result of a business decision taken by Plaintiff Wright. As a result, Plaintiff Wright is asking this Court to change the rules of the game at the risk of dismantling the effective regulation of the liquor industry in Delaware. See IV., infra.

The three elements of a § 1983 justiciability inquiry are: (1) the adversity of the interest[s] of the parties, (2) the conclusiveness of the judicial judgment, and (3) the practical help, or utility, of that judgment." Step-Saver Data System, Inc. v. Wyse Tech, 912 F.2d 643, 647 (3d Cir. 1990).[8] A plaintiff must allege either (1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution. American Civil Liberties Union v. The Florida Bar, 999 F.2d 1486, 1492 (11th Cir. 1993). "The conflict between the parties must be ripe for judicial intervention; it cannot be 'nebulous or contingent' [such as upon applying for a license], but 'must have taken on fixed and final shape …' " Wyatt, Virgin Islands, Inc. v. Gov't. of the Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004) (citation omitted).

No such threat has been alleged, let alone shown, here by Plaintiffs. Plaintiffs fail to provide any facts that would demonstrate a "credible threat of prosecution" necessary to show that their dispute – which is merely potential -- is justiciable. Plaintiffs further fail to provide any facts that would show any injury as a result of such prosecution. There is no jurisdiction to hear a potential action. Fed. R. Civ. Pro. 12(b)(1).

Simply put, Plaintiff Wright's claim is premature. Here, there is an option available to Plaintiff Wright, which if applied for and approved, may eliminate portions

---

[8]  It appears the Third Circuit Court of Appeals has utilized both the three-part test in Step-Saver, supra, and the United State Supreme Court's two-part test, that involves weighing two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review." Artway v. Attorney General of the State of New Jersey, 81 F.3d 1235, 1247 (3d. Cir. 1996) (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 149).

of Plaintiffs' constitutional claim and ultimately, enable Plaintiff Wright to ship its product to Delaware. Yet, these options have not been pursued.

### B.  Plaintiff Wright lacks standing to bring this litigation.

A plaintiff must have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204. "[Article] III requires a party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision . . .'" Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citations omitted).

Not only has Plaintiff Wright shown no injury in fact, the first of the Lujan factors, this Honorable Court is in no position to grant Plaintiff Wright redress, the third element in Lujan. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). The jurisprudence involving the Commerce Clause and the 21st Amendment, has looked to provide a pragmatic, case-by-case approach to conflicts between the two sections of the Constitution in an effort to harmonize the requirements of each. 324 Liquor Corp. v. Duffy, 479 U.S. 335, 346-347 (1987). The Court's jurisprudence has left licensing matters to the authority of the States. Delaware has provided a specific license for out-of-state wineries that wish to sell their product in Delaware. Regardless of this Court's finding regarding other provisions of the Delaware Liquor Control Act, there is no

authority within the jurisdiction of this Court to order the Commissioner to grant Plaintiff Wright a direct shipper's license in the absence of Wright's application for such a license and a showing by Plaintiff Wright that the Commissioner has refused to grant such a license, despite the fact that Wright met the statutory requirements for the license.

## IV.    PLAINTIFFS' REQUESTED RELIEF POTENTIALLY EXCEEDS THE SUBJECT MATTER JURISDICTION OF THIS COURT.

Plaintiffs have asked this Court to declare several provisions of the Delaware Liquor Control Act unconstitutional, including Section 501, which establishes the three-tier system in Delaware.  D.I. 4. It is a matter of policy for the Delaware General Assembly to decide whether the three-tier system is the best manner in which to organize the liquor industry in Delaware. Of equal importance is that the U.S. Supreme Court in Granholm v. Heald, 544 U.S. --,  125 S.Ct. 1885, 1905 (2005) stated that its holding in that case was not an attack on the three-tier system, which was a matter left to the States. Plaintiffs' request here goes far beyond the U.S. Supreme Court's ruling and effectively dismantles the three-tier system.

Plaintiffs also request this Court to declare unconstitutional Section 703, Title 4, Delaware Code, which requires those engaged in the sale, shipment, transportation and delivery of wine and beer to do so in accordance with Delaware regulations and file a statement of the date, amount and description of the transaction.  Declaring this section unconstitutional would permit the shipment of wine *and beer* into Delaware without regulation, effectively repealing the 21st Amendment to the extent it concerns the sale and

distribution of wine and beer in Delaware. There is no jurisdiction in federal court to declare the 21st Amendment unconstitutional, in whole or in part.

Last, Plaintiffs further seek to have the Court declare Commissioner Rules 8 and 8.1 unconstitutional. These rules, which require a 72-hour resting period, are for the purpose of inventorying the types and amounts of liquor coming into the State for the purpose of determining taxes owed to the State. They are crucial to both monitoring liquor imports, which is basic for effective regulation, and essential to the proper collection of tax revenue on this industry. Defendants submit this also would effectively abolish State regulation of the liquor industry, contrary to the 21st Amendment and well-beyond the holding in <u>Granholm.</u> Declaring these rules unconstitutional for out-of-state wine distributors can be expected to generate further legal challenges under the Equal Protection Clause by brewers and distillers. If successful, Delaware would lose the ability to monitor what has up to now been a closely-regulated industry and place the collection of tax revenues due the State from the sale of alcoholic beverages on largely an honor system.

## <u>CONCLUSION</u>

Based upon the foregoing arguments, Defendants respectfully request this Honorable Court enter an Order dismissing Plaintiffs' complaint for the reasons set forth herein.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Laura L. Gerard</u>
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: January 20, 2006