## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, and<br>KAREN G. WRIGHT AND STEPHEN WRIGHT,<br>d/b/a WRIGHT WINE WORKS,<br><br>Plaintiffs,<br><br>v.<br>RUTH ANN MINNER, Governor,<br>M. JANE BRADY, Attorney General,<br>and JOHN CORDERY, Delaware Alcoholic<br>Beverage Control Commissioner,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:05-cv-826-SLR |

## MOTION TO STAY PROCEEDINGS

**NOW COME**, Defendants, by and through the undersigned counsel, and hereby move this Honorable Court to stay the proceedings in this matter to await the Delaware General Assembly's action concerning pending legislation, which may render this matter moot, thus furthering judicial efficiency and conserving the parties' resources. The following is provided in support of this application:

1.    Plaintiffs filed the complaint in this matter on or about December 2, 2005, approximately 7 months after the U.S. Supreme Court's decision of Granholm v. Heald, 544 U.S. --, 125 S.Ct. 1885 (2005), and at a time when the Delaware General Assembly was not in session.

2.    This is a lawsuit challenging, under the U.S. Constitution's Commerce Clause, the constitutionality of various provisions under the Delaware Liquor Control Act, Title 4, Delaware Code and regulations made pursuant thereto concerning out-of-state wineries shipping product to Delaware. Similar litigation involving the same or

similar constitutional challenges in other states, involving other plaintiffs similarly situated to Plaintiffs here, has been occurring since as early as 2003. See, e.g., Freeman, et al. v. Fischer,  United States District Court, District of New Jersey, 2-03CV03140 (Exhibit 1).

3.      Based upon information and belief, Plaintiffs Karen and Stephen Wright d/b/a Wright Wine Works (collectively "Plaintiff Wright") have been operating a winery in Pennsylvania since at least 2000.  There is no evidence that a brief delay will result in undue harm to the litigants.

4.      The Delaware General Assembly returned to session earlier this month, and proposed legislation was introduced in the House of Representatives that may moot this controversy.  See H.B. 336 (Exhibit 2). Defendants request that this Court stay this matter until the Delaware General Assembly acts.

5.      This Court has the inherent power to stay proceedings where such would result in economies of time and effort by the court, for counsel, and for litigants.  Landis v. North American Co., 299 U.S. 248, 254 (1936). The exercise of the power is formed by the balancing of the facts such as undue delay, harm to the parties and the efficiencies that may be gained where another tribunal undertakes action that may very well resolve a pending matter. A decision whether to stay a proceeding is a matter for the district court's discretion.  Bechtel Corp v. Local 215, Laborers' Internat'l Union of North America, AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976).

6.      Pre-Granholm litigation in Rhode Island was stayed previously, pending either legislation by the Rhode Island legislature or action by the U.S. Supreme Court. See, e.g., Woolfson, et al. v. Carcieri, et al., United States District Court, District of

Rhode Island, 03-463S (Exhibit 3).  Mssrs. Epstein and Tanford were also plaintiffs'
counsel to that litigation.

7.    Defendants submit that the interests of judicial efficiency and conserving
the resources of the respective parties would be best served by staying the proceedings in
this case until the Delaware General Assembly acts.

WHEREFORE, Defendants request this Honorable Court to stay the proceedings
in this case until the Delaware General Assembly acts on the pending legislation.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated:  January 20, 2006

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, and | ) | |
| KAREN G. WRIGHT AND STEPHEN WRIGHT, | ) | |
| d/b/a WRIGHT WINE WORKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:05-cv-826-SLR |
| RUTH ANN MINNER, Governor, | ) | |
| M. JANE BRADY, Attorney General, | ) | |
| and JOHN CORDERY, Delaware Alcoholic | ) | |
| Beverage Control Commissioner, | ) | |
| | ) | |
| Defendants. | | |

## <u>ORDER</u>

**WHEREAS** after consideration of the arguments raised in Defendants' Motion to Stay Proceedings,

**IT IS SO ORDERED** this _____ and of _____, 2006, that the Defendants' Motion to Stay is hereby granted.


_____
Honorable Sue L. Robinson
United States District Judge

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on January 20, 2006 she caused the attached Defendants' Motion to Stay Proceedings and proposed Order, to be delivered to the following persons in the form and manner indicated:

NAME AND ADDRESS OF RECIPIENT(S):

James R. Folsom, Esquire
1215 King Street
Wilmington, DE 19801

Robert D. Epstein, Esq.
Epstein, Cohen, Donahoe & Mendes
50 S. Meridian St., Suite 505
Indianapolis, IN 46204

James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN 47405

MANNER OF DELIVERY:

    ___      One true copy by facsimile transmission to each recipient.

   X      Two true copies by first class mail, postage prepaid, to each recipient.

  ___      Two true copies by Federal Express.

    ___      Two true copies by hand delivery to each recipient.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801