GARY S. REDISH, ESQ. (GR0066)
WINNE, BANTA, HETHERINGTON & BASRALIAN, P.C.
Court Plaza North
25 Main Street
P.O. Box 647
Hackensack, New Jersey 07602
(201) 487-3800
Attorney for Plaintiffs



ORIGINAL FILED
JUL 2 1 2003
WM. T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT FREEMAN and JUDY FREEMAN, )
WALTER HANSEL WINERY, INC., )
OLIVER WINE COMPANY, INC., )
MEYER FRIEDMAN and BEVERLY )
FRIEDMAN, )
                                                 ) CIVIL ACTION NUMBER:
                                                 )               2-03CV03140
        Plaintiffs, )
)
vs. )
)
JAMES E. McGREEVEY, Governor of )
New Jersey; PETER C. HARVEY, Attorney- )
General of New Jersey; JERRY FISCHER, Director)
of the New Jersey Division of Alcoholic Beverage )
Control, )
)
        Defendants. )

### FIRST AMENDED CIVIL COMPLAINT

Plaintiffs make the following allegations for their Civil Complaint based upon information and belief, except for the allegations pertaining to Plaintiffs and their counsel, which are based upon personal knowledge.

### INTRODUCTION

1.    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of New Jersey laws and regulations which prohibit out-

of-state retailers and wineries from delivering wine directly to consumers at their residences within the State of New Jersey. Plaintiffs seek a declaratory judgment that these laws and regulations as applied to shipments of wine originating out-of-state violate the Commerce Clause of the United States Constitution, and an injunction against their enforcement.

2. The State of New Jersey permits in-state wineries to sell wine directly to customers and to ship wine by parcel delivery services, but does not allow out-of-state wineries to sell or ship wine directly to customers, pursuant to N.J. Statutes §§ 33:1-2(a), 33:1-10(2a), 33:1-10(2b), 33:1-28.1, and N.J. Admin. Code §§13:2-21.1, 13:2-20.3, 13:2-21.6.

3. The State of New Jersey permits its residents to buy unlimited quantities of wine in person at in-state wineries and retailers and transport it home, but restricts purchase and transportation from out-of-state sources to one gallon from states that have reciprocal transportation laws, pursuant to N.J. Statutes §33:1-2(a), 33:1-13, and N.J. Admin. Code §§13:2-21.1, 13:2-21.2(a), and 13:2-21.6.

## JURISDICTION

4  Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights and privileges to engage in interstate commerce under the Commerce Clause of the United States Constitution without undue interference from state law.

NOV 13 2003 16:47 FR DIV OF ABC                609 943 5302 TO 912027892405        P.04/09

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

6. This Court has basic authority to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## PLAINTIFFS

7. Plaintiffs, Robert Freeman and Judy Freeman are residents of Morris County, New Jersey; Plaintiffs Meyer Friedman and Beverly Friedman are residents of Bergen County, New Jersey. These Plaintiffs will hereafter be referred to as the Consumer Plaintiffs.

8. The sale of wine is permitted in said counties and has not been prohibited or restricted under the New Jersey Alcoholic Beverage Laws.

9. The Consumer Plaintiffs are all over twenty-one (21) years of age and legally permitted to purchase, receive, possess and drink wine.

10. The Consumer Plaintiffs are all regular purchasers and consumers of wine, including fine and rare wines in some cases.

11. The Consumer Plaintiffs intend to purchase bottled wine from out-of-state retailers and wineries, and to have those wines shipped to their residences in New Jersey if state law restrictions against interstate direct shipments are removed or declared unconstitutional.

12. Plaintiff, Walter Hansel Winery, Inc., and Oliver Wine Company, Inc., are out-of-state wineries located in Santa Rosa, Sonoma County, California and Bloomington, Monroe County, Indiana, respectively.

13. Plaintiff, Walter Hansel Winery, Inc., and Oliver Wine Company, Inc., intend to ship wines directly to customers' residences in New Jersey if state law restrictions against interstate direct shipments are removed or declared unconstitutional.

14. Plaintiffs intend to pay all excise or other taxes that may be due on such interstate shipments.

## DEFENDANTS

15. Defendants are sued in their official capacities.

16. Defendant, James E. McGreevey, is Governor of New Jersey and has the duty to execute all state laws, including the statutes challenged herein, and to supervise the conduct of the other Defendants.

17. Defendant, Peter C. Harvey, is Attorney-General of New Jersey who represents all state agencies and has the authority to prosecute violations of the statutes challenged herein.

18. Defendant, Jerry Fischer, is Director of the New Jersey Division of Alcoholic Beverage Control, and has the duty to enforce the provisions of the Alcoholic Beverage Law, including the statutes challenged herein.

19. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes challenged herein.

## COMMERCE CLAUSE VIOLATION — COUNT I

20. Some wines the Consumer Plaintiffs want to purchase and have delivered are not available and cannot be ordered through wine vendors in New Jersey.

21. The Consumer Plaintiffs are unable to purchase wine from out-of-state retailers and wineries and have it shipped to their residences and other locations within New Jersey because out-of-state retailers and wineries will not ship wines directly to residents of New Jersey in violation of state law.

22. New Jersey Alcoholic Beverage Law prohibits direct shipments from out-of-state sources. The Defendants will not permit, authorize or license an out-of-state winery to make direct shipments of wine to New Jersey residents.

23. Because they have not been able to obtain some wines of their choice from out-of-state sources, the Consumer Plaintiffs have had to purchase and consume less desirable wines available locally.

24. The Consumer Plaintiffs have not consumed less wine because of the direct shipment ban, and will not consume more wine if the ban is removed.

25. Out-of-state retailers and wineries including Plaintiff Walter Hansel Winery and Oliver Wine Company, Inc., will sell wine to the Consumer Plaintiffs and deliver it to their residences and other locations within New Jersey if the laws prohibiting such interstate shipments are repealed or declared unconstitutional.

26. New Jersey's laws prohibiting direct shipment of wine only apply to and regulate interstate delivery of wine directly to the Consumer Plaintiffs; they do not apply to intrastate shipment or delivery of wine.

27. In-state wineries holding a plenary or farm winery license are permitted to ship wine directly to the homes of New Jersey residents.

28. Out-of-state wineries are not eligible for New Jersey plenary or farm winery licenses.

NOV 13 2003 16:48 FR DIV OF ABC         609 943 5302 TO 912027892405         P.07/09

29.  New Jersey Alcoholic Beverage Law treats interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminates against interstate sales and delivery, reserves to in-state wineries and retailers the exclusive market in wine, and provides a direct economic advantage to in-state wine businesses, all in violation of the Commerce Clause of the United States Constitution.

30.  Plaintiffs, Meyer and Beverly Friedman, would like to be able to obtain kosher wines which are not available in New Jersey by direct shipment from out of state, but are unable to do so.

## COMMERCE CLAUSE VIOLATION — COUNT II

31.  New Jersey law imposes an excise tax on wine.

32.  New Jersey law further provides that no person may possess, transport, or sell non-tax paid alcoholic beverages.

33.  There is no provision or procedure in New Jersey law that allows an out-of-state retailer or winery, or a New Jersey consumer, to pay the excise tax.

34.  These laws effectively make interstate sale and delivery of wine to adults unlawful while permitting in-state sale and delivery of wine to adults, discriminate against interstate sale and delivery, reserve to in-state businesses the exclusive market in wine, and provide a direct economic advantage to in-state wine businesses, all in violation of the Commerce Clause of the United States Constitution, Article I, §8.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A.  Judgment declaring New Jersey statutes §§33:1-2(a), 33:1-10(2a), 33:1-10(2b), 33:1-13, and 33:1-28.1; and N.J. Admin. Code §§13:2-21.1, 13:2-21.2(a), and 13:2-21.6 unconstitutional as applied to preventing direct shipment of wine to New Jersey residents from out-of-state wineries and retailers as a violation of the Commerce Clause of the United States Constitution.

B.  Judgment declaring that it is an unconstitutional violation of the Commerce Clause for Defendants to apply other provisions of New Jersey Alcoholic Beverage Law and regulations such as those pertaining to permits, residency requirements, and excise taxes in a manner that prohibits out-of-state retailers and wineries from delivering wine directly to adult New Jersey residents.

C.  An injunction against Defendants prohibiting them from enforcing the provisions of the New Jersey Alcoholic Beverage Law which prohibits or punishes the delivery of wine from out-of-state suppliers to an adult New Jersey resident.

D.  An injunction against Defendants prohibiting them from refusing to accept excise tax payments from Plaintiffs that are due on wine shipped directly to consumers from out-of-state sources. Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

E.  An award of costs and expenses, including reasonable attorneys' fees pursuant to 4 2 U.S.C. § 1988.

F. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

WINNE, BANTA, HETHERINGTON
& BASRALIAN, P.C.
Attorneys for Plaintiffs



Gary S. Redish (GR0066)

OF COUNSEL:

Robert D. Epstein (IN Attorney No. 6726-49)
EPSTEIN & FRISCH
One Virginia Avenue, Suite 200
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891


James A. Tanford (IN Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel: 812-855-4846
Fax: 812-855-0555

9