UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, et al. | ) | |
| | ) | |
| *Plaintiff*s, | ) | 1:05-cv-826-SLR |
| | ) | |
| vs. | ) | |
| | ) | |
| RUTH ANN MINNER, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO STAY PROCEEDINGS

Defendants have moved to stay these proceedings in order to give the Delaware legislature the opportunity to consider legislation that might moot the controversy. Plaintiffs oppose granting the stay at this time.

The Delaware legislature is not currently in session. Whether it will consider a bill to amend the laws being challenged sometime in the future, and whether any such bill would in fact remove the unconstitutional discrimination against out-of-state wineries from the Delaware code, are matters of speculation.

Whenever plaintiffs challenge the constitutionality of a state statute, the legislature always has the power to moot the case by changing the law. The fact that they might do so cannot by itself be grounds for a stay, or no such case could ever move forward.

Plaintiffs concede that granting a stay is a matter inherently within the discretion of the District Court. *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). However, no precedent exists for granting one under these circumstances. A stay of the proceedings is

a form of abstention that denies plaintiffs access to a federal forum and is therefore warranted only for "compelling reasons," *CTF Hotel Holdings Inc. v. Marriott* Internat'l, 381 F.3d 131, 139-40 (3d Cir. 2004); *U.S. v. Breyer*, 41 F.3d at 893; such as when there is a related state court proceeding already underway, *Linnen v. Armainis*, 991 F.2d 1102, 1108 (3d Cir. 1993); or a parallel administrative proceeding that might resolve the matter. *Churchill v. Star Enterp.,* 183 F.3d 184, 193-94  (3d Cir. 1999).

The Supreme Court has said that the District Court may postpone the exercise of its jurisdiction only in "extraordinary and narrow" circumstances because it has a "duty ... to adjudicate a controversy properly before it." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1979).  Abstaining from the exercise of jurisdiction is not justified merely because the matter could be resolved by state action.  *Id.* at 813-14.

On the narrow issue of whether a stay is appropriate to give the legislature time to enact ameliorative legislation, the lower federal courts are unanimous.  A stay is not appropriate, because it is impossible to predict whether the legislature will act, and if so, whether it will resolve the issue. *Johnson v. Mortham*, 915 F.Supp. 1529 (N.D. Fla.,1995); *Utah Women's Clinic, Inc. v. Graham*, 892 F.Supp. 1379, (D.Utah,1995); *Gabarczyk v. Board of Educ. of City School Dist. of Poughkeepsie*, 738 F.Supp. 118 (S.D.N.Y.,1990).

February 2, 2006            Respectfully submitted,
ATTORNEYS FOR PLAINTIFFS

 s/  **James R. Folsom**
James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982

      delawareattorney@aol.com

    **s/  Robert D. Epstein**
Robert D. Epstein
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN    46204
Tel:  317-639-1326
Fax:  317-638-9891
rdepstein@aol.com

    **s/  James A. Tanford**
James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

CERTIFICATE OF SERVICE

The undersigned certifies that on February 2, 2006, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

Laura Gerard
Deputy Attorney General
820 N. French St., 6th floor
Wilmington DE  19801
Laura.Gerard@state.de.us

  s/  James R. Folsom
James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com