UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, et al. ) | |
| ) | |
| Plaintiffs, ) | 1:05-cv-826-SLR |
| ) | |
| vs. ) | |
| ) | |
| RUTH ANN MINNER, et al. ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO DISMISS

1. INTRODUCTION

Plaintiffs are challenging Delaware's wine distribution laws on the ground that they unconstitutionally discriminate against out-of-state wineries in violation of the Commerce Clause. Defendants have filed a motion to dismiss the complaint, which raises two separate issues:[1]

    a) Whether the governor and attorney-general should be dismissed as defendants because they are not proper parties; and

    b) Whether the whole complaint should be dismissed for lack of ripeness and standing.

---

[1] In their Brief, defendants also argue that several aspects of plaintiffs' request for relief "potentially" exceed the subject-matter jurisdiction of the court. D.I. #6 at 16-17. The gist of the section is that this lawsuit could have far-reaching ramifications. Defendants do not explain what this has to do with subject-matter jurisdiction or why such speculative ramifications require dismissal of the complaint, and cite no authority for such a proposition, so Plaintiffs have not responded to it.

1

2. SUMMARY OF PLAINTIFFS' RESPONSE

Plaintiffs respond to the Defendants' motion to dismiss as follows:

a) Plaintiffs do not oppose dismissing defendants Minner and Brady as defendants. Defendants have not asked that the third defendant be dismissed, and plaintiffs take this as a concession that John Cordery is an appropriate state official to defend the constitutionality of the state wine laws.

b) Plaintiffs oppose the motion to dismiss for lack of ripeness and standing. Defendant bases both these arguments on the assertion that the Wrights (winery owners) have not applied for a direct shipper's license, which license would allow them to sell and ship wine directly in Delaware, giving them the relief they seek. The Defendants' assertion is false, so their motion must fail. A direct shipper's license would only allow Wright Wine Works to sell wine "not readily available throughout the state" and then only through a separate wholesaler and retailer upon payment of mandatory additional fees. 4 Del. Code §526. In-state wineries are not subject to these limitations, so applying for the license would not eliminate the discrimination.

3. PLAINTIFF'S FIRST RESPONSE: DEFENDANTS MINNER AND BRADY MAY BE DISMISSED AS DEFENDANTS AS LONG AS DEFENDANT CORDERY REMAINS

Defendants ask that Governor Minner and the Attorney-General be dismissed as parties, leaving only John Cordery to defend this lawsuit. Defendant Cordery is the Director of the Alcoholic Beverage Control Commission, and the state official most directly charged with enforcing the alcoholic beverage laws challenged in this lawsuit. See 4 Del. Code §304(a)(3) (charging office of alcoholic beverage control commission

2

with obligation to "Control the manufacture, possession, sale and delivery of alcoholic liquors"). Defendant Cordery was always the primary defendant in the case. The Governor and Attorney-General have only general enforcement authority.

Plaintiffs view the decision as to which state official should defend the constitutionality of the challenged wine laws as primarily a matter within the executive branch of Delaware government. Plaintiffs interpret the defendants' request that the Governor and Attorney-General be dismissed as defendants, but that John Cordery not be dismissed, as a concession that John Cordery is an appropriate state official to defend the constitutionality of the state wine laws. With this understanding, plaintiffs have no objection to dismissing the Governor and Attorney-General.

4. PLAINTIFFS' SECOND RESPONSE: THE CASE IS RIPE AND THE PLAINTIFFS HAVE STANDING

   A. IN GENERAL

Defendants ask that the complaint be dismissed because the plaintiffs who own the out-of-state winery have not applied for a "direct shipper license" under 4 Del. Code § 526. If they obtained such a license, the Defendants assert they would be able to sell and ship their wine to residents of Delaware. This argument is disingenuous. Despite its name, the direct shipper license does not allow out-of-state wineries to sell their wine directly to residents of Delaware, as in-state wineries can.

In-state wineries may obtain a farm winery license which permits them to make direct sales to consumers, 4 Del. Code § 512A(b), and direct sales and deliveries to retailers. 4 Del. Code § 512A(a). The direct shipper license touted by Defendants does not permit out-of-state wineries to sell directly to consumers and retailers -- in fact, it

3

expressly <u>prohibits</u> them from doing so. 4 Del. Code §§ 526(e) ("Under no circumstance may the wine ... be shipped directly to the resident"); 526(a)(2) (the "wine [must be] for the resident's personal consumption and not for resale"). It also imposes other restrictions on out-of-state wineries that are not imposed on in-state wineries.[2] Obtaining the direct shipper license thus would not remove the discrimination complained of.

B. RIPENESS

Based on the availability of the direct shipper's license, Defendants ask that the complaint be dismissed because the controversy is not yet ripe. The argument is without merit.

Ripeness is part of the requirement of Article III, § 2, of the Constitution, that limits federal court jurisdiction to actual cases or controversies. The Third Circuit's most recent summary of the ripeness doctrine is:

> The ripeness doctrine serves to "determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." ...Various considerations "underpin the ripeness doctrine," including whether the parties are in a "sufficiently adversarial posture to be able to present their positions vigorously," whether the facts of the case are "sufficiently developed to provide the court with enough information on which to decide the matter conclusively," and whether a party is "genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one." In determining whether a case is ripe, we generally examine: "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'"
> In declaratory judgment cases, we apply a somewhat "refined" test "because declaratory judgments are typically sought before a completed injury has occurred." Thus, when "determining whether to engage in pre-enforcement review of a statute in a declaratory judgment action," we look to "(1) the adversity of the parties' interests, (2) the conclusiveness of

---

[2]Limited to wine that is not readily available from a retailer, maximum of 5 cases per year, must pay a $4 per case fee in addition to taxes.

the judgment, and (3) the utility of the judgment."

*Khodara Environmental, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004).  Where the issues presented for review are "purely legal" and do not require extensive fact development, they are presumptively fit for judicial review. *Id.* at 197.

In this case, all the requirements of *Khodara* are satisfied.  The issue is purely legal -- whether the statutory scheme that treats out-of-state wineries differently than in-state ones violates the Commerce Clause by discriminating against interstate commerce.  The parties interests are adverse -- plaintiffs assert the wine sales laws are unconstitutional, and the defendant administrative official is bound by state law to enforce them.  4 Del. Code § 304(a)(1) (commission shall "promulgate rules and regulations not inconsistent with this title or of any other law of the State, and ... no such rule or regulation shall extend, modify or conflict with any law of this State").  A judgment declaring the statutes unconstitutional and enjoining their enforcement would be both conclusive and useful to plaintiffs -- they could begin engaging in direct interstate commerce in wine.  Without a ruling, plaintiffs will continue indefinitely to be prevented from engaging in interstate commerce.

A claim fails the ripeness test only when it is purely hypothetical, rests upon contingent future events that may not occur, or the party making the claim has not yet suffered any injury or hardship. *Texas v. U.S.*, 523 U.S. 296, 300 (1998); *Renne v. Geary*, 501 U.S. 312, 322 (1991).  None of those factors is present here.  The dispute is real, the statutes being challenged are currently in force, and the parties are currently being prevented from buying and selling wine.

The ripeness doctrine is invoked most commonly when lawsuits challenge

5

administrative agency action that has not become final, often in conjunction with a claim that plaintiffs have failed to exhaust administrative remedies. See *Nat'l Park Hospitality Assoc. v. Dept. of Interior*, 538 U.S. 803, 807-08 (2003); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12-13 (1999), *Pacific Gas & Elec. Co. v. State Energy Res. Conserv, & Development Comm'n*, 461 U.S. 190, 200-01 (1983), *Watt, V.I. Inc., v. Govt of the Virgin Is.*, 385 F.3d 801, 806 (3d Cir. 2004). This is obviously not such a case.

The invocation of the ripeness doctrine in the context of a challenge to the constitutionality of a statute is unusual. Plaintiffs' research reveals no case within the past 40 years in which either the Supreme Court or the Third Circuit invoked the ripeness doctrine to decline to hear a challenge to the facial constitutionality of a state law that was harming the plaintiffs. The Supreme Court has stated that if plaintiffs "will sustain immediate injury from the operation of the [law], and that such injury would be redressed by the relief requested, [this] would appear to satisfy this requirement" of justiciability. *Duke Power Co. v. Carolina Environ. Study Group, Inc.*, 438 U.S. 59, 81 (1978).

c) STANDING.

Defendants also make the bizarre argument that Plaintiffs somehow lack standing to challenge the laws that prohibit them from engaging in an interstate commercial transaction to sell and buy wine. The argument is implausible on its face because the Supreme Court in *Granholm v. Heald,* 125 S.Ct. 1885 (2005), struck down a similar Michigan law challenged by an out-of-state winery and several in-state consumers. The defendants nevertheless insist that our Plaintiffs lack standing. Their argument appears to be that because the plaintiff winery has not applied for a so-called direct shippers license, it lacks standing because it has not been rejected for a license or subjected to an

enforcement action. The argument is without merit. The test for standing is whether plaintiffs have been injured in any way, not whether they have been rejected for a license or been subjected to an enforcement action. See *Danvers Motor Co. Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005) ("While it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of its paradigmatic forms.") Here, the injury alleged is loss of sales directly traceable to the Delaware statutes that prohibit such sales.

The test for standing in federal court was set in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

> Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Danvers Motor Co. Inc. v. Ford Motor Co.*, 432 F.3d at 290-91 (citing *Lujan*). The Court in *Lujan* said that if the plaintiff is an object of the state's regulation, standing is presumed. *Id.* at 561-62. The Third Circuit said in *Danvers* that if a plaintiff is claiming that a scheme itself is unlawful, he need only plead some concrete harm that flows from the scheme. 432 F.3d at 291-92. Plaintiffs fit into this category.

The winery plaintiff in this case fits all the standing criteria. It is the object of the regulations prohibiting out-of-state wineries from selling wine directly to Delaware residents. It is challenging the statutory scheme itself. It has suffered an injury -- lost sales to Delaware residents. There is a causal connection, because the lost sales are due solely to the fact that Delaware law prohibits direct wine sales from out of state. This injury will be redressed by a favorable decision, because the plaintiff winery and consumer will finally be able to complete a simple commercial transaction. Wright Wine

7

Works clearly has standing.

The Defendants argue that this case fails the third prong of the *Lujan* test -- whether the injury will be redressed by a favorable decision.[3] They explain that the court lacks the authority to order the Defendants to issue Wright Wine Works a license it has not applied for. The argument is without merit. The Plaintiff winery has not asked the court to order that it be given a direct shipper license, because that license would not allow it to compete with Delaware wineries on a level playing field. It has asked the court to strike down the law that prohibits it from making direct sales and deliveries of wine. That is within the court's power, see *Granholm v. Heald*, 125 S.Ct. 1885 (2005), and would fully redress the injury.

WHEREFORE, the defendants' motion to dismiss should be denied.

February 6, 2006

Respectfully submitted,
ATTORNEYS FOR PLAINTIFFS

 s/ James R. Folsom 
James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com

 s/ Robert D. Epstein 
Robert D. Epstein
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891

---

[3]They also assert in conclusory fashion that Plaintiffs have failed to allege an injury, but they do not explain this brief argument. It is frivolous in any event. The complaint clearly alleges that plaintiffs have suffered a specific, concrete injury: the inability to complete a commercial transaction to purchase and deliver wine. See Pl. Amended Complaint, D.I. #4, paras. 16-28.

rdepstein@aol.com

 s/ **James A. Tanford**
James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

CERTIFICATE OF SERVICE

The undersigned certifies that on February 6, 2006, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

> Laura Gerard
> Deputy Attorney General
> 820 N. French St., 6th floor
> Wilmington DE 19801
> Laura.Gerard@state.de.us

> _s/ James R. Folsom_
> James R. Folsom (Del. Bar ID 2739)
> 1215 King St.
> Wilmington DE 19801
> (302) 658-8982
> delawareattorney@aol.com