UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, and<br>KAREN G. WRIGHT AND STEPHEN WRIGHT,<br>d/b/a WRIGHT WINE WORKS,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUTH ANN MINNER, Governor,<br>M. JANE BRADY, Attorney General,<br>and JOHN CORDERY, Delaware Alcoholic<br>Beverage Control Commissioner,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   1:05-cv-826-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY TO PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO MOTION TO STAY PROCEEDINGS

Defendants reply to Plaintiffs' Answer Opposing Defendants' Motion to Stay the Proceedings ("Answer"), in requesting this Honorable Court to stay the proceedings to await the Delaware General Assembly's action regarding pending legislation, for the following reasons:

1. The parties agree this Court has discretion to grant a stay of a proceeding. Bechtel Corp. v. Local 215, Laborers' Internat'l. Union of North America, AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976). However, the parties disagree as to the applicable test or breadth of that discretion.

2. A court may stay proceedings where a stay would result in economies of time and effort by the court, for counsel, and for litigants. Landis v. North American Co., 299 U.S. 248, 254 (1936). The use of this discretionary authority is guided by the balancing of facts such as undue delay, harm to the parties and the efficiencies that may be gained where another tribunal undertakes action that may resolve a pending matter.

There is no evidence in this case that a brief stay will result in undue harm to the litigants, an issue not even addressed by Plaintiffs in their Answering Brief.

3. On December 2, 2005 and January 6, 2006, Plaintiffs filed their Complaint and First Amended Complaint seeking, in part, declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging that various provisions of the Delaware Liquor Control Act, 4 Del.C. §§ 101 et seq., violate the Commerce Clause of the U.S. Constitution, approximately 7 months after Granholm v. Heald, 544 U.S --, 125 S.Ct. 1885 (2005). D.I. 1, 4, pars. 2, A.

4. On January 10, 2006, the Delaware General Assembly opened session and within 9 days, legislation on the issue disputed by Plaintiffs was introduced in the House of Representatives. See H.B. 336 (Exhibit 1). The General Assembly will resume session March 14, 2006 and conclude its session June 30, 2006. The actions of the Delaware General Assembly and the proposed legislation may very well resolve the issue here, thereby making Plaintiffs' allegations moot. There is no evidence or basis to support Plaintiffs' mere speculation that the General Assembly will not act upon the pending legislation, one way or the other, before or by June 30. D.I. 8. Given that this is a matter for State law under the 21st Amendment, the Delaware General Assembly should be given the opportunity.

5. The interests of judicial efficiency and conserving party resources are best served by staying these proceedings until the Delaware General Assembly takes final action concerning the proposed legislation. No where in their Answer do Plaintiffs disagree that a stay will serve the interests of judicial efficiency and conserve resources. D.I. 8.

6. District courts are vested with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Wilton v. Seven Falls Co., 515 U.S. 277, 286-287 (1995). Rather, the Supreme Court concluded that Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) governed that declaratory judgment action. Id. at 289. Given the Supreme Court's discussion in Wilton and to the extent Plaintiffs' seek declaratory relief, Plaintiffs' reliance on Colorado River is misplaced.[1]

7. The Supreme Court "[h]as repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288. The Third Circuit and this Court have followed the Supreme Court's position in Wilton. State Auto Ins. Co. v. Summy, 234 F.2d 131, 134 (3d Cir. 2001) (discussion of Brillhart's broad standard of discretion and Colorado River's restrictive test as inappropriate for Declaratory Judgment Act); NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 378 (3d Cir. 1996) (noting Brillhart discretionary standard governs district court's decision to stay federal declaratory judgment action during pendency of parallel state court proceedings); United States Aircraft Ins. Group v. Dwiggins, LLC, 2004 WL 51269, 2 (D.Del. 2004) (Exhibit 2)("[A]bstention may be

---

[1] The opinions in Wilton, Brillhart and Colorado River, supra, were issued in the context where parallel state court proceedings existed. "We do not attempt to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel proceedings." Wilton, 515 U.S. at 290. Wilton and Brillhart were cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, as Plaintiffs' case here, while Colorado River was a case brought by the United States under the McCarran Water Rights Suit Act, 43 U.S.C. § 666.

warranted where a plaintiff has brought suit under § 2201, predicated under the court's subject matter jurisdiction, and a substantially similar proceeding is brought in state court"). While there is no parallel state *court* proceeding here, there is clearly a parallel action by the State General Assembly concerning pending state legislation. In that regard, "serious consideration [should be given] to the fact that they [district courts] do not establish state law, but are limited to predicting it." Summy, 234 F.2d at 135.

      7.    Plaintiffs' further reliance on cases from other jurisdictions concerning legislation is equally misplaced as these decisions are not binding on this Court and are easily distinguishable.

In Utah Women's Clinic, Inc. v. Graham, 892 F.Supp. 1379 (D. Utah 1995), defendants sought a stay based solely upon a letter of intent from a U.S. Congressman, ensuring the U.S. Congress would pass legislation for abortion funding. Id. at 1381. Additionally, the congressional action that was taken in that case was the introduction of a proposed amendment in 1994 that was withdrawn a year later. Further, the court concluded that any further legislation introduced would involve complex and politically charged issues because of the matter in dispute -- abortion funding. Because of these factors, the court concluded it was impossible to predict the outcome of U.S. Congressional action on the matter, in declining to issue a stay. Id. The facts considered in Utah clearly do not equate to the facts, posture and timing here.

Similarly, Gabarczyk v. Bd. of Educ. of City Sch. Dist. of Poughkeepsie, 738 F.Supp. 118 (S.D.N.Y. 1990) is equally inapplicable. Again, the court considered the facts there that no legislation had reached the floor of the U.S. Congress and moreover, the issues were complex, thereby making it impossible to predict the outcome of

4

Congressional action. Id. at 121. Contrary to Gabarczyk, State legislation is pending and further, there is no allegation by Plaintiffs that the disputed issue here is "complex."

Likewise, the facts in Johnson v. Mortham, 915 F.Supp. 1529 (N.D. Fl. 1995) are distinguishable. There, plaintiffs challenged the constitutionality of Florida's congressional and state legislative districts. Despite holding a regular session and a special session, the Florida Legislature did not adopt a new redistricting plan. Id. at 1533.

8.    Plaintiffs' counsel have agreed to stay similar litigation in other jurisdictions pending proposed state legislation. See, e.g., Bushnell and Karen G. Wright and Stephen Wright d/b/a Wright Wine Works v. Ehrlich, et al., United States District Court, District of Maryland, 1:05-cv-03128-CCB (Exhibits 3 and 4)(consent to stay, filed February 1, 2006, until Maryland legislature's session ends April 10, 2006); Black Star Farms v. Morrison, et al., United States District Court, District of Arizona, CV-05-2620-PHX-MHM (Exhibit 5)(consent to stay until May 1, 2006); Woolfson, et al. v. Carcieri, et al., United States District Court, District of Rhode Island, 03-463S (Exhibit 6)(consent to stay in 2004).

WHEREFORE, Defendants request this Honorable Court to stay the proceedings in this case until the Delaware General Assembly acts on the pending legislation, which would be before or by June 30, 2006.

                      Respectfully submitted,
                      STATE OF DELAWARE
                      DEPARTMENT OF JUSTICE

                      /s/ Laura L. Gerard
                      Laura L. Gerard (DE I.D. #3202)
                      Deputy Attorney General
                      820 North French Street, 6th Floor
                      Wilmington, DE 19801
Dated: February 10, 2006      (302) 577-8400

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 10, 2006 she caused the attached Defendants' Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Stay Proceedings, to be electronically filed or delivered to the following persons in the form and manner indicated:

NAME AND ADDRESS OF RECIPIENT(S):

<u>By U.S. Mail (2 copies)</u>:
James R. Folsom, Esquire
1215 King Street
Wilmington, DE 19801

<u>By Electronic Filing</u>:

| | |
|---|---|
| Robert D. Epstein, Esq. | James A. Tanford |
| Epstein, Cohen, Donahoe & Mendes | Indiana University School of Law |
| 50 S. Meridian St., Suite 505 | 211 South Indiana Ave. |
| Indianapolis, IN 46204 | Bloomington, IN 47405 |

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Laura L. Gerard</u>
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801