**Westlaw Download Summary Report for GERARD, LAURA L 2234859**

| | |
|---|---|
| Date/Time of Request: | Friday, February 10, 2006 13:14:00 Central |
| Client Identifier: | LLG |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 285 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2004 WL 51269 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
UNITED STATES AIRCRAFT INSURANCE GROUP, Plaintiff,
v.
DWIGGINS, L.L.C. and Bombardier Capital, Inc., Defendants.
No. Civ. 03-173-SLR.

Jan. 5, 2004.

MEMORANDUM ORDER

ROBINSON, J.

### I. INTRODUCTION

**\*1** United States Aircraft Insurance Group ("USAIG") filed this action for declaratory judgment on February 5, 2003, against defendants Dwiggins, LLC ("Dwiggins") and Bombardier Capital, Inc. ("BCI"), seeking declaratory relief that an insurance policy issued to Dwiggins is void *ab initio* and unenforceable due to material misrepresentations made during the underwriting process and due to Dwiggins' failure to comply with policy conditions. (D.I.1) Presently before the court is the motion of defendant Dwiggins to dismiss or in the alternative to stay the proceedings. (D.I.42) Because the court concludes that abstention is not warranted and that all necessary parties are before the court, Dwiggins' motion will be denied.

### II. BACKGROUND

#### A. Facts as Alleged by USAIG

The facts in the present case were outlined by the court in its October 15, 2003 memorandum opinion granting partial summary judgment to BCI. (D.I.59) To briefly summarize, Dwiggins obtained general liability and hull risk insurance for a Lear 60 jet through USAIG for a policy period beginning on September 10, 2002, and ending on September 10, 2003. The aircraft was financed through an agreement with BCI, which is insured as a lender/lessor under the insurance policy. The insurance policy was procured with the assistance of Palmer & Cay and the Heath Lambert Group.

On October 7, 2002, the aircraft, on its inaugural flight, crashed while landing at the Santa Cruz Airport, State of Rio do Sul, SSSC, Brazil. On board the aircraft were Luiz A.D. Ferreira, Jose Maria Gelsi, Robert Luiz Catao Martinesz, Julio Sergio Soares Barbosa, and Telmos Goes. Barbosa was killed in the incident, and the other passengers sustained serious injuries.

#### B. USAIG Claims and Procedural History

USAIG filed the present action on February 5, 2003, and asserting the following claims for relief: (1) rescission of the policy as to both defendants alleging that Dwiggins and Bombardier made material misrepresentations during the underwriting process; (2) an order of invalidity as to each defendant on the basis of negligent misrepresentation during the underwriting process; and (3) declaratory judgment against defendant Dwiggins alleging that Dwiggins failed to comply with a condition precedent to coverage. (D.I. 1) BCI has counterclaimed for enforcement of its rights under the lender/lessor endorsement. (D.I.5)

Service on Dwiggins was effected on June 3, 2003. (D.I.16) On August 15, 2003, Dwiggins, in its first response to USAIG's complaint, filed the present motion to dismiss or, in the alternative, to stay the proceedings. (D.I.42) On October 15, 2003, this court granted partial summary judgment to defendant BCI as to count one, except to the extent that Palmer & Cay may have been acting as an agent of BCI, and granted summary judgment to BCI with respect to count two. (D.I.59, 60)

#### C. Florida Litigation

On February 25, 2003, Dwiggins, American Virginia Tabacaos, Industrisa e Comercio, Importacaco e Exportacao de Tabacos Ltda ("American Virginia"), filed a complaint for declaratory relief and damages in the Circuit Court in and for Broward County, Florida.[FN1] Named as defendants in that case were United States Aviation Underwriters, Inc. ("USAU"), individually and as manager of USAIG, Palmer & Cay of Florida, LLC ("Palmer & Cay"), and BCI. Service

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 51269 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

was effected on USAIG on May 5, 2003. (D.I.52, ex. B) Dwiggins's Florida complaint seeks the following: (1) declaratory relief against USAU as to the insurance policy's enforceability; (2) damages for breach of contract against USAU; (3) damages for negligence in the procurement of insurance against Palmer & Cay; (4) damages for negligent misrepresentation against BCI on the grounds that Dwiggins hired Telmos Goes as the pilot based on BCI's recommendations; FN2 (5) damages for negligence against BCI with respect to Goes. Dwiggins and American Virginia's counsel in that case is also Steven C. Marks, who entered an appearance in this court on behalf of Dwiggins.

> FN1. Dwiggins is a subsidiary of American Virginia formed for the purpose of purchasing the aircraft at issue.
>
> FN2. BCI has subsequently been dismissed from the Florida action on Dwiggins' motion for lack of joinder.

*2 On March 17, 2003, the passengers on board the aircraft when it crashed ("the Florida Claimants") filed personal injury actions in the Circuit Court of Dade County, Florida against Dwiggins and American Virginia. Counsel to each of the Florida Claimants in each of the four cases is also Steven C. Marks. The Florida Claimants each have a relationship with American Virginia. Luiz A.D. Ferreira is the President and Principal of American Virginia. Jose Maria Gelsi is corporate counsel to American Virginia. Roberto Catao Martinez was an employee of American Virginia. Julio Sergio Soares Borbosa was also an employee of American Virginia.

Within two weeks of the filing of suits by the Florida Claimants, settlement agreements and assignments were entered into, in which Dwiggins assigned any rights against USAIG to the Florida Claimants, and final judgments were entered in the Dade County actions in favor of the Florida Claimants and against Dwiggins totaling $30 million. FN3

> FN3. USAIG alleges that it was not a party to the Dade County cases, was never given notice of their commencement, and had no knowledge of the pendency of the suits before they were settled. (D.I. 51 at 4)

Following the settlement with Dwiggins, the Florida Claimants filed four suits against USAIG and Palmer Cay in Broward County, Florida, on May 14, 2003. The suits allege a count of breach of contract against USAIG and a negligence claim against Palmer & Cay. The attorney for the Florida Claimants in these judgment creditor cases is Steven Marks, attorney for defendant Dwiggins in the present case.

### III. STATEMENT OF LAW

#### A. Abstention Doctrine

It is well established that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996). That duty, however, is not absolute and where there are parallel proceedings in a state court, federal courts have substantial discretion to decline to hear the case in certain circumstances where equitable considerations, judicial economy, and principles of federalism warrant. FN4 *Id.* The Supreme Court has continually construed the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as an enabling act that grants discretion to the courts to entertain a case, rather than an absolute right to the litigants. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87 (1995). Consequently, abstention may be warranted where a plaintiff has brought suit under § 2201, predicated under the court's subject matter jurisdiction, and a substantially similar proceeding is brought in state court. *See Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491 (1942).

> FN4. The first basis for federal abstention are those cases in which a constitutional issue may be mooted by a state court determination of state law issues. *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496 (1941). A second basis for federal abstention involves those cases where a federal court's review of difficult issues of state law would be disruptive to the state's efforts to establish coherent public policy. *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). A third basis for federal abstention exists where federal jurisdiction is invoked for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 51269 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

purpose of restraining state criminal proceedings and in which there are claims of bad faith, harassment, or a patently invalid state statute. *Younger v. Harris,* 401 U.S. 37 (1971).

At the center of the court's inquiry is whether "questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart,* 316 U.S. at 495; *Wilton,* 515 at 282. The Third Circuit has indicated that discretion is properly exercised where there are novel or unsettled issues of state law and where declining to hear the case would avoid duplicative and piecemeal litigation. *See State Auto Ins. Co. v. Summy,* 234 F.3d 131, 134-35 (3d. Cir.2001). Further, the Third Circuit has specifically noted that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." [FN5] *Id.* at 136.

> FN5. The Third Circuit suggests three relevant considerations pertaining to a district court's exercise of discretion with respect to declaratory judgment actions involving insurance coverage issues:
> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.
> *Id.* at 134 (quoting *United States v. Commonwealth of Pennsylvania, Dept. of Environmental Resources,* 923 F.2d 1071, 1075-76 (3d Cir.1991)).

B. Joinder of Necessary and Indispensable Parties

***3** Rule 12(b)(7) provides for the dismissal of a claim where the plaintiff has failed to join an indispensable party. Fed.R.Civ.P. 12(b)(7). A court, in evaluating such a motion, applies the two-part test found in Fed.R.Civ.P. 19. The first part of this test asks whether the absent party is necessary for adjudication of the issue. The second part of the test is equitable in nature, and is directed to whether a necessary party is indispensable to a fair resolution of the issues. *Id.*

Rule 19(a) provides that an absent person is a necessary party if he is subject to service of process and in his absence either: (1) complete relief can not be accorded among the parties; or (2) the absent person claims an interest in the subject matter and that his absence will, as a practical matter, either prejudice his ability to protect that interest or result in multiple or otherwise inconsistent obligations. Fed.R.Civ.P. 19(a).

If a person is deemed necessary under Rule 19(a), the court must then ascertain the extent to which prejudice will result to the non-party; the ability of the court to shape relief to avoid prejudice to absent persons; adequacy of relief available to parties in the necessary party's absence; and the adequate remedy available to the plaintiff if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

IV. DISCUSSION

Dwiggins contends that the court should exercise is discretion to not hear the case on the basis of the doctrine of federal abstention and because the USAIG has failed to join certain necessary indispensable parties. (D.I.43) USAIG contends that abstention is not warranted because BCI is not present in the Florida litigation, and because the absent persons cited by Dwiggins are neither necessary nor indispensable. (D.I.51)

A. Parties Necessary for Adjudication

The court concludes that the Florida Claimants are not necessary parties to the litigation within the meaning of Rule 19(a). First, the absence of the Florida Claimants does not affect the ability of the court to accord relief between the USAIG, Dwiggins, and BCI. *See* Fed.R.Civ.P. 19(a)(1). Second, while the Florida Claimants hold a cognizable interest in the outcome of the litigation, they are not without means to protect that interest. *See* Fed.R.Civ.P. 19(a)(2). First, Dwiggins offers no reason why any of the Florida Claimants could not intervene in the present case. Even if the court does not have personal jurisdiction to compel joinder, that is irrelevant to whether the Florida Claimants could intervene. Second, regardless of whether the Florida

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 4
Not Reported in F.Supp.2d, 2004 WL 51269 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Claimants are formally joined as parties, all the facts presently before the court suggest that the Florida Claimants are capable of and are actively protecting their interests in this forum as evidenced by the fact that Dwiggins is represented by the same attorney that represents the Florida Claimants in the Florida litigation. Third, the close relationship between the Florida Claimants and Dwiggins is indisputable. Dwiggins was an entity created for the purpose of owning, financing and operating an aircraft to the benefit of American Virginia, the employer of each of the Florida Claimants. At least one of the Florida Claimants reportedly has an ownership interest in Dwiggins. Consequently, while they may not be joined as parties in the case before this court, there are no facts to suggest that their interests are anything but protected.

**\*4** Dwiggins contends that a judgment in this court may not be preclusive as to the Florida Claimants. (D.I. 56 at 9-10) "Because they acquired their judgments against Dwiggins before this lawsuit was filed, the Florida [C]laimants are not privies of Dwiggins in this lawsuit." (*Id.* at 10) Plaintiff's assertion is without factual support. In the present case, the Florida Claimants acquired their judgments against Dwiggins more than six weeks after this suit was filed. *See generally* 32 Fla. Jur. Judgments & Decrees § 183 (2003). Moreover, Florida law recognizes that even where a nonparty is not in privity, if they exercise de facto control over the litigation, any judgment will still have preclusive effect. *Id*. § 190. In the present case, the court concludes that the Florida Claimants are in fact exercising control over Dwiggins' defense. Consequently, the court concludes that the Florida Claimants are not necessary parties.

The court also concludes that the Wilmington Trust Company ("WTC") is not a necessary party. WTC's role in the transaction is that of an owner-trustee, which is a fiction used for purposes of the financing transaction, but does not cause WTC to be a real party in interest. Therefore, it need not be joined for the action to proceed nor would its joinder affect the jurisdiction of the court.

B. Abstention

Mindful of its discretion in deciding whether to entertain the instant declaratory judgment, and of the considerations suggested by the Third Circuit in *Summy,* the court concludes that the facts of this case do not warrant abstention. Abstention is a narrow exception warranted only where the identical issues and parties are present in a concurrent state proceeding. *Quackenbush,* 517 U.S. at 722-23. In the present case, Dwiggins' motion fails because BCI is absent from the Florida litigation. Dwiggins cites no precedent for the proposition that a dismissal or stay may be granted only as to one defendant. Moreover, such a dismissal or stay would not serve the purposes of judicial economy and avoidance of duplicative and piece meal litigation. *See Summy,* 234 F.3d at 135.

The court notes, however, that its decision is predicated upon the allegations and claims as they currently exist between the parties. In the event that USAIG's remaining claim against BCI is resolved before trial, then retaining jurisdiction over the case may no longer be warranted. For that reason, the court will deny the motion to dismiss or abate without prejudice.

V. CONCLUSION

Therefore, at Wilmington, this 5th day of January, 2004, having reviewed the motion of defendant Dwiggins to dismiss the complaint or in the alternative to stay the action (D.I.42), and USAIG's response thereto;

IT IS ORDERED that Dwiggins' motion to dismiss the complaint is denied and its motion to stay the action is denied without prejudice. (D.I.42)

D.Del.,2004.
U.S. Aircraft Ins. Group v. Dwiggins, L.L.C.
Not Reported in F.Supp.2d, 2004 WL 51269 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00173 (Docket) (Feb. 05, 2003)

END OF DOCUMENT