UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ROB BUSHNELL       .         )<br>201 Hilltop Road,           )<br>Silver Spring, Md. 20910    )<br>Montgomery County           )<br>                             )<br>KAREN G. WRIGHT and STEVEN WRIGHT )<br>d/b/a/ WRIGHT WINE WORKS    )<br>125 Church Hill Road        )<br>Barto, Pa. 19504            )<br>                             )<br>    *Plaintiffs*            )<br>                             )<br>    vs.                      )<br>                             )<br>ROBERT L. EHRLICH, et al.,   )<br>Governor of Maryland,        )<br>State House                  )<br>Annapolis, MD 21401          )<br>Anne Arundel County          )<br>                             )<br>J. JOSEPH CURRAN, JR.,       )<br>Attorney General of Maryland )<br>200 St. Paul Place           )<br>Baltimore MD  21202          )<br>Baltimore County             )<br>                             )<br>WILLIAM D. SCHAEFER,         )<br>Comptroller of Maryland,     )<br>80 Calvert St.,              )<br>Annapolis, MD 21401          )<br>Anne Arundel County          )<br>                             )<br>In their official capacities )<br>    *Defendants*            )| Civil no. 1:05-cv-03128-CCB<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FIRST AMENDED**<br>**COMPLAINT** |

1

Plaintiffs make the following allegations for their Complaint based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. 1983 challenging the constitutionality of the Maryland Annotated Code, Article 2B, §§ 1-201(a), 7-101(a)(2), 12-107, and 16-506.1, and Code of Maryland Regulations 03.02.01.03(A)(1) and 03.02.01.15, which prohibit or give discretion to the Comptroller to prohibit out-of-state wineries from selling and delivering wine directly to consumers, restaurants and retailers within the State of Maryland. Plaintiffs seek a declaratory judgment that this statutory scheme violates the Commerce Clause of the United States Constitution and that Plaintiffs have been deprived under color of law of their constitutional rights and privileges to engage in interstate commerce. Plaintiffs seek an injunction barring Defendants from enforcing these laws so as to prohibit out-of-state wineries from selling and delivering wine directly to consumers, restaurants and retailers within the State of Maryland.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## PLAINTIFFS

6. Plaintiff Rob Bushnell is a resident of Silver Springs, Maryland, which is in Montgomery County. He is over the age of twenty-one, does not live in a dry county, and is legally permitted to

purchase, receive, possess and drink wine at that address. He is a regular purchaser and consumer of wine, and would purchase bottled wine from out-of-state wineries and have those wines delivered to his residence if Maryland law permitted him to do so.

7. Wright Wine Works is a Pennsylvania partnership of Karen G. Wright and Steven Wright, that operates a winery in Barto, Pennsylvania. The Wrights hold all necessary Pennsylvania and federal licenses and permits to manufacture and sell wine in interstate commerce. They intend to sell and deliver wines manufactured at Wright Wine Works directly to Rob Bushnell and other consumers at their residences, and to licensed restaurants and retailers at their places of business, in the State of Maryland, if the laws prohibiting such sales and deliveries are removed or declared unconstitutional.

8. Plaintiffs intend to pay all taxes that may be due on such interstate deliveries and to comply with all other state regulations.

**DEFENDANTS**

9. Defendants are sued in their official capacities.

10. Defendant Ehrlich is Governor of the State of Maryland and is generally responsible for executing the laws in the state, including the laws challenged herein.

11. Defendant Curran is Attorney General for the State of Maryland and is generally responsible for the enforcement for Maryland state laws, including laws pertaining to the sale and transportation of alcohol.

12. Defendant Shaefer is the Comptroller of the State of Maryland and has general authority for licensing and regulation of wine and wineries both in state and out of state, and for enforcing and administering the laws challenged herein.

13. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

## COMMERCE CLAUSE VIOLATION COUNT I: DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES TO CONSUMERS

14. In the State of Maryland, in-state wineries may obtain licenses which allow them to sell and deliver their wine directly to individuals and retailers without going through a separate wholesaler.

15. Wright Wine Works and other wineries located outside the State of Maryland may not sell, deliver or ship their wine directly to consumers in the State of Maryland. Out-of-state wineries may only sell their wine through a separate wholesaler and retailer, each of whom marks up the price.

16. Wright Wine Works does not have wholesale distribution in Montgomery County, Maryland, and so cannot sell its wine there.

17. Rob Bushnell wants to buy wine directly from Wright Wine Works and other wineries outside Maryland and to have the wine delivered to his residence. He is willing to pay all taxes on such purchases.

18. Wright Wine Works is located in the state of Pennsylvania, produces bottled wine for commercial sale, and wants to sell its wine directly to Rob Bushnell and other consumers in the

State of Maryland, by Internet order and in face-to-face transactions at its winery, and to deliver the wine to the customers' residences.

19. Wright Wine Works has previously received requests from residents of the State of Maryland to sell, deliver and ship wine to them.

20. Plaintiffs cannot complete the transactions described in paragraphs 17 to 19 because the laws of the State of Maryland prohibit them.

21. If Wright Wine Works were permitted to sell and deliver its wine directly to consumers in the State of Maryland, it would comply with all applicable laws and regulations concerning permits, licenses, labeling, reporting, proof of age, and payment of taxes.

22. The laws of the State of Maryland treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminate against out-of-state wineries, and provide economic advantages and protection to wineries in Maryland, all in violation of the Commerce Clause of the United States Constitution.

**COMMERCE CLAUSE VIOLATION COUNT II:
DISCRIMINATION AGAINST OUT-OF-STATE WINERIES WITH RESPECT TO SALES
TO LICENSED RETAIL WINE SELLERS**

23. In the State of Maryland, in-state wineries may obtain licenses which allow them to sell and deliver their wine directly to licensed retail wine dealers, including restaurants, without going through a separate wholesaler.

24. Out-of-state wineries are not eligible for the licenses described in paragraph 23.

Case 4:05-cv-00326-SLR Document 94 Filed 12/25/2006 Page 6 of 8

25. Wright Wine Works and other wineries located outside State of Maryland may not sell, deliver or ship their wine directly to licensed retail wine dealers in the State of Maryland, but may only sell their wine through a separate wholesaler.

26. Wright Wine Works is located in the state of Pennsylvania, produces bottled wine for commercial sale, and wants to sell its wine directly to restaurants and other retail dealers in the State of Maryland, but is prohibited from doing so by the laws of the State of Maryland.

27. If Wright Wine Works were permitted to sell and deliver its wine directly to restaurants, it would comply with all applicable laws and regulations concerning permits, licenses, reporting, labeling, proof of age, and payment of taxes.

28. The laws of the State of Maryland treat interstate sales and delivery of wine to restaurants and retail wine dealers differently from intra-state sales and delivery of wine to restaurants and retail wine dealers, discriminate against out-of-state wineries, and provide economic advantages and protection to Maryland wineries, all in violation of the Commerce Clause of the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Maryland Annotated Code, Article 2B, §§ 1-201(a), 7-101(a)(2), 12-107, and 16-506.1, and Code of Maryland Regulations 03.02.01.03(A)(1) and 03.02.01.15, unconstitutional, to the extent that they prohibit out-of-state wineries from selling and delivering wine directly to consumers, restaurants and retail wine dealers in the State of Maryland, as a violation of the Commerce Clause of the United States Constitution.

B.   An injunction prohibiting Defendants from enforcing those laws and requiring them to allow out-of-state wineries to sell and deliver wine directly to consumers, restaurants and retail wine dealers in Maryland.

C.   Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

D.   An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

E.   Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

s/ Jay L. Cohen
Jay L. Cohen (USDC MD No 02744)
5530 Wisconsin Av, Suite 1127
Chevy Chase MD 20815\
Tel. (301) 652-1153
Fax. (310) 652-1154
jlcohen@myadvocate.com

s/ Robert D. Epstein
Robert D. Epstein ( Indiana Attorney No. 6726-49)
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN    46204
Tel:  317-639-1326
Fax:  317-638-9891
rdepstein@aol.com

s/  James A. Tanford
James A. Tanford (Indiana Attorney No. 16982-53)
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN    47405
Tel:  812-855-4846

Fax: 812-855-0555
tanford@indiana.edu
*Pro Hac Vice Motion pending*