## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:05-cv-826-SLR |
| | ) | |
| RUTH ANN MINNER, Governor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
## <u>MOTION TO DISMISS</u>

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Laura L. Gerard</u>
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: February 13, 2006

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

I.   NEITHER THE GOVERNOR NOR THE ATTORNEY
     GENERAL IS A PROPER PARTY. . . . . . . . . . . . . . . . . . .     2

II.  DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS'
     SUIT IS NOT RIPE NOR DOES PLAINTIFF WRIGHT
     HAVE STANDING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

     A.  No actual controversy that is ripe for judicial
         consideration exists. . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

     B.  Plaintiff Wright lacks standing to bring this litigation. . . .     8

III. PLAINTIFFS' REQUESTED RELIEF POTENTIALLY
     EXCEEDS THE SUBJECT MATTER JURISDICTION OF
     THIS COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

## TABLE OF CITATIONS

__Cases__                                                          __Page(s)__

Abbott Laboratories v. Gardner, 387 U.S. 136 (1967) . . . . . . . . . . . . .     5

American Libraries Assoc. v. Pataki,
      969 F.Supp. 160 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . .     4

Artway v. Attorney General of the State of New Jersey,
      81 F.3d 1235  (3d. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

Ashwander v. TVA, 297 U.S. 288 (1936) . . . . . . .. . . . . . . . . . . . . . . .     3, 5

Children's Health is a Legal Duty v. Deters, 92 F.3d 1412
      (6th Cir. 1996), cert. den., 519 U.S. 1149 (1997) . . . . . . . . . . . .     2

Diamond v. Charles, 476 U.S. 54 (1986) . . . . . . . . . . . . . . . . . . . . . . .     2

Granholm v. Heald, 544 U.S. --, 125 S.Ct. 1885 (2005) . . . . . . . . . . . . .     10

Khodara Environmental, Inc. v. Blakey, 376 F.3d 187 (3d Cir. 2004) . . .     7, 8

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . . . . . .     8

Mugler v. Kansas, 123 U.S. 623 (1887) . . . . . . . . . . . . . . . . . . . . . . . .     8

Peachlum v. City of York, 333 F.3d 429 (3d Cir. 2003) . . . . . . . . . . . . .     8

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) . . . . . . . . . . . . . . .     2

Slack v. McDaniel, 529 U.S. 437 (2000) . . . . . . . . . . . . . . . . . . . . . . . .     3

Step-Saver Data System, Inc. v. Wyse Tech,
      912 F.2d 643 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5, 6

Valley Forge Christian College v. Americans United
      for Separation of Church and State, Inc.,
      454 U.S. 464 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8, 9

1st Westco Corp. v. School Dist. of Philadelphia,
      6 F.3d 108 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

**Cases**                                                                    **Page**

Wyatt, Virgin Islands, Inc. v. Gov't. of the Virgin Islands,
    385 F.3d 801 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6


**Statutes**

28 U.S.C. § 2201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 5

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

4 Del.C. § 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

4 Del.C. § 304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

4 Del.C. § 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

4 Del.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 5, 8, 9

4 Del.C. § 512A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

4 Del.C. § 526 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4, 5, 8, 9

29 Del.C. § 8203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

29 Del.C. § 8204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

47 P.S. § 5-505.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4


**Rules**

Commissioner Rule No. 77 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

## SUMMARY OF ARGUMENT

I.    Neither the Governor nor the Attorney General is a proper party, thereby justifying their dismissal.[1]

II.    Dismissal is appropriate because the matter is not ripe for adjudication under 42 U.S.C. § 1983 or the Declaratory Judgment Act, 28 U.S.C. § 2201(a), nor does Plaintiff Wright have standing.

III.    Plaintiffs' requested relief potentially exceeds the subject matter jurisdiction of this Court.

For the reasons above, Defendants are entitled to have Plaintiffs' Complaint dismissed with prejudice as requested by Defendants.

---

[1]   Plaintiffs concede the Governor and the Attorney General have only general enforcement authority and have no objection to dismissing the Governor and the Attorney General with the understanding that Defendants concede that "Defendant Cordery … the Director of the Alcoholic Beverage Control Commission" "is an appropriate state official to defend the constitutionality of the state wine laws."  D.I. 9, pp. 2-3.

As stated in Defendants' Opening Brief, the Honorable John *Cordrey* is the Delaware Alcoholic Beverage Control *Commissioner*. D.I. 6, p.3; 4 Del.C. § 301. Defendants will concede that Commissioner Cordrey's authority is as provided in 4 Del.C. § 304 and that he is a state official able to defend the constitutionality of the Delaware Liquor Control Act without Defendants waiving any defenses, claims, arguments or remedies available to or raised by Defendants during this litigation.

## ARGUMENT

### I.     NEITHER THE GOVERNOR NOR THE ATTORNEY GENERAL IS A PROPER PARTY.

There is no specific power that directs the Governor or the Attorney General to enforce the alcoholic beverage laws in Delaware.[2]  Rather, that power is specifically vested in the Division of Alcoholic and Tobacco Enforcement and its Director. 29 Del.C. §§ 8203, 8204; 4 Del.C. §§ 401 et seq.

General authority to enforce or execute state laws is not sufficient to make government officials proper parties to a suit that challenges the constitutionality of a specific law. Children's Health is a Legal Duty v. Deters, 92 F.3d 1412, 1416 (6th Cir. 1996), cert. den., 519 U.S. 1149 (1997).  When a statute is challenged, the state official designated to enforce said statute is the proper defendant.  Diamond v. Charles, 476 U.S. 54, 64 (1986); see also 1st Westco Corp. v. School Dist. of Philadelphia, 6 F.3d 108 (ed Cir. 1993); Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).

Plaintiffs allege the Governor is "generally responsible for executing the laws," and the Attorney General is "generally responsible for the enforcement of Delaware state laws, including laws pertaining to the sale and transportation of alcohol." D.I. 4, pars. 10, 11 (emphasis added). To the contrary, the specific authority to enforce the laws concerning the sale and transportation of alcohol rests with the Division of Alcohol and Tobacco Enforcement.  4 Del.C. §§ 401 et seq.; 29 Del.C. § 8204.

Because neither the Governor nor the Attorney General have specific authority under the law to enforce the laws concerning the sale and transport of alcohol, no remedy can be obtained from the Governor or the Attorney General here.

---

[2]  See footnote 1, infra.

**II.     DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFFS' SUIT IS NOT RIPE NOR DOES PLAINTIFF WRIGHT HAVE STANDING.**

It is appropriate for this Court to determine the case here on procedural grounds prior to any arguments as to the merits of this case. Federal courts "[w]ill not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." Slack v. McDaniel, 529 U.S. 437, 485 (2000) (citing Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

An out-of-state winery, such as Plaintiff Wright here, *can* sell and ship their product to Delaware by obtaining a license referred to, in Delaware, as a direct shipper. 4 Del.C. § 526; Rule No. 77.[3] Shipment under these statutory and regulatory provisions, as stated in Defendants' Opening Brief, would be directly to a Delaware licensed wholesaler, for delivery to a retailer and final delivery to a Delaware resident, for that resident's personal consumption. D.I. 6, p. 6. Plaintiffs state – rather inaccurately -- in their Answering Brief that Defendants had asserted Wright "[w]ould be able to sell and ship their wine to residents of Delaware" if it obtained a direct shipper license.[4] D.I. 9, p. 3. Defendants made no such assertion. The process available to an out-of-state winery under Section 526 and Rule No. 77 is clearly outlined. D.I. 6, p. 6. More importantly, if Wright obtained licensure as a direct shipper, *it could sell and ship its product to Delaware in accordance with Delaware law*, for personal consumption by Delaware residents. D.I. 6, p. 12.

---

[3]  Plaintiff Wright could also apply for a license as a limited supplier under 4 Del.C. § 501.

[4]  Given that Defendants did not make this assertion as stated by Plaintiffs, Plaintiffs' claim that the "assertion" is "disingenuous" is unfounded. D.I. 9, p. 3.

The crux of Plaintiffs' argument is that in-state wineries are permitted to sell on-premises to consumers under 4 Del.C. § 512A, but Plaintiff Wright cannot deliver and ship directly to consumers under 4 Del.C. § 526. D.I.4, pp.4-6; D.I. 9, pp. 3-4. Plaintiffs' argument ignores geography and mixes apples with oranges. Moreover, Plaintiff Wright, as an out-of-state winery, seeks greater abilities than that currently afforded to in-state licensees.

Plaintiff Wright enjoys the ability to sell directly *on its premises* to consumers because of its location in Pennsylvania. 47 P.S. § 5-505.2. D.I. 6, p. 5. Likewise, as an *on-premises* licensee, a Delaware farm winery has the same ability as Wright to sell directly on its premises to consumers because of its location in Delaware.

"Typically, states' jurisdictional limits are related to geography," and the Commerce Clause historically was designed to counter inconsistent state regulation where such inconsistency would impede a national market. American Libraries Assoc. v. Pataki, 969 F.Supp. 160, 169 (S.D.N.Y. 1997). However, in the case here, state regulations are absolutely consistent in that Wright in Pennsylvania may sell directly to consumers on their Pennsylvania premises, subject to the Pennsylvania Liquor Control Board, in exactly the same manner that a Delaware winery may sell to its consumers on its licensed premises, subject to the jurisdiction of the Delaware Commissioner of Alcoholic Beverage Control.[5] D.I. 6, pp. 4-6. Plaintiffs, who bear the burden of demonstrating the unconstitutionality of Delaware's law, have offered no evidence that this consistent regulatory restriction – based on the accident of geography – has jeopardized the growth of the national infrastructure of trade in alcoholic beverages. Id.

---

[5] Compare 47 P.S. § 5-505.2 with 4 Del.C. § 512A (b). D.I. 6, pp. 4-6.

Under no circumstance does the Delaware Liquor Control Act permit an in-state licensee to ship product directly to Delaware residents. Yet, this is the very ability Plaintiff Wright, as an out-of-state winery, is seeking. D.I. 4, pp. 4-6; D.I. 9, pp. 3-4. Affording Plaintiffs such an ability would mean affording out-of-state wineries a greater permission than that currently afforded to in-state licensees.[6]

### A. Plaintiffs' suit is not an actual controversy that is ripe for adjudication.

"The Declaratory Judgment Act creates a remedy by which federal courts 'may declare the rights and other legal relations of any interested party seeking such declaratory' when there is a 'case of actual controversy.' " Wyatt, Virgin Islands, Inc. v. Gov't. of the Virgin Islands, 385 F.3d 801, 805 (3d Cir. 2004) (citing 28 U.S.C. § 2201(a)). "Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." Ashwander, 297 U.S. at 325. The three elements of a § 1983 justiciability inquiry are: (1) the adversity of the interest[s] of the parties, (2) the conclusiveness of the judicial judgment, and (3) the practical help, or utility, of that judgment." Step-Saver Data System, Inc. v. Wyse Tech, 912 F.2d 643, 647 (3d Cir. 1990).[7] Further, "[t]he conflict between the parties must be ripe for judicial intervention;

---

[6] Similarly, while an in-state Delaware licensed winery is permitted to sell its product *on its premises,* this does not also mean that a Delaware licensed wholesaler or a supplier located in Delaware is permitted to sell its product on its premises.

[7] Defendants do not dispute that the parties' interests are adverse, but dispute the two remaining parts of the 3-part test in Step-Saver. Further, the Third Circuit Court of Appeals has utilized both the three-part test in Step-Saver, supra, and the United State Supreme Court's two-part test: (1) the hardship to the parties of withholding court consideration, and (2) the fitness of the issues for judicial review." Artway v. Attorney General of the State of New Jersey, 81 F.3d 1235, 1247 (3d. Cir. 1996) (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967). Defendants contend this matter is not ripe under either test applied. Under the two-part test, withholding court consideration at this time would not be a hardship to Plaintiffs because Plaintiffs have an avenue available to them for placing Wright's product in the Delaware market via the direct shipper license afforded under 4 Del.C. § 526 or limited supplier license under 4 Del.C. § 501, Wright has not availed itself to either such license, there is no evidence that Wright has expended considerable amounts of money in an effort to place its product in the Delaware market, and there has been

5

it cannot be 'nebulous or contingent' but 'must have taken on fixed and final shape …' " Wyatt, 385 F.3d at 806 (citation omitted).  In this case, it cannot be contingent upon applying for a license or where a change in a legislative scheme moots the allegation. Id.

This case is not ripe because there is no conclusiveness of the judgment nor are Plaintiffs afforded any usefulness from a judgment they seek. Step-Saver, 912 F.2d at 647.  First, the facts of this case are not sufficiently developed to provide the court with enough information on which to decide the matter conclusively.  This is particularly clear given Plaintiffs' misapplication of the facts and the law concerning on-premises winery licensing and out-of-state shipment licensing, as discussed above, and given that proposed legislation is pending in the Delaware General Assembly that may address the underlying allegations.

Second, plaintiffs would not be afforded any usefulness from the declaratory judgment that they seek. Step-Saver, 912 F.2d at 647.  Plaintiffs contend mistakenly that they could begin engaging in direct interstate commerce in wine if there was a judgment declaring certain provisions of the Delaware Liquor Control Act unconstitutional and an injunction preventing their enforcement.  D.I. 9, p. 5.  This is not true. Plaintiffs' argument here overlooks the 21st Amendment.

In the alcohol industry, Section 2 of the 21st Amendment gives primary responsibility for governmental supervision of alcoholic beverages to the States. From this, it follows logically that the State has both the authority and the duty to establish a regulatory scheme to govern the alcohol trade within its borders. Exempting any portion of a highly-regulated industry from regulation – in this case and as the Plaintiffs'

no allegation or showing of a credible threat of prosecution. Further, the issues are not fit for judicial review as legislation that may very well moot the issue, is pending.  Artway, 81 F.3d at 1247-1249; D.I. 10.

argument seems to suggest, exempting the importation of out-of-state wine – from State regulation would be an oxymoron. Assuming, arguendo, that this Court should find that the disputed provisions of the Delaware Liquor Control Act are unconstitutional – a position that the Defendants do not concede – out-of-state wineries, such as Wright, would not be able to participate in this highly-regulated industry in Delaware *until* the General Assembly had the opportunity to devise an appropriate regulatory scheme which conforms to the requirements of the Commerce Clause without giving a blank-check to out-of-state wineries. Accepting Plaintiffs' argument in this regard would essentially repeal Section 2 of the 21st Amendment and violate the basic tenets of federalism.

The facts here do not involve a federal law, such as in Khodara Environmental, Inc. v. Blakey, 376 F.3d 187 (3d Cir. 2004); rather, a State scheme in a highly regulated industry is in dispute here which, under the 21st Amendment, is within the purview of the states in deciding an appropriate scheme. Plaintiffs' reliance on Khodara is misplaced. Khodara involved the constitutionality of a federal law, a situation in which a federal court's decision is final. The case at bar involves a matter historically and constitutionally controlled by State law and requiring State action. Khodara involved a situation in which the plaintiff, in reliance on a previous version of the federal law, had expended considerable funds to secure appropriate state permitting for a waste facility subject to both State and federal regulation. In the case here, Plaintiffs have made no showing that they have expended either any funds or any effort to secure State permitting of an activity subject solely to State regulation. Further, in Khodara the highly regulated industry, toxic waste disposal, was in an area of acknowledged federal supremacy, while in the case here, the highly regulated industry is a matter traditionally of primarily local interest. See

Mugler v. Kansas, 123 U.S. 623 (1887).  Intervention by a federal court in a case like

Khodara provides no basis for similar intervention in a case such as the one before this

Court.

      More importantly, Plaintiffs are not "genuinely aggrieved so as to avoid

expenditure of judicial resources on matters which have caused harm to no one."

Peachlum v. City of York, 333 F.3d 429, 433-34 (3d Cir. 2003). Plaintiffs' alleged

"injury" here is self-inflicted. Plaintiff Wright contends that it is prevented from engaging

in interstate commerce and therefore, has lost sales. D.I. 9, pp. 5, 7. As an out-of-state

winery, Plaintiff Wright has ample opportunity to apply for a license to do business in

Delaware and sell and ship its product to Delaware under 4 Del.C. § 526 or § 501.  The

undisputed fact remains that Wright has made a business decision in choosing not to

apply for a direct shipper license; Defendants are not aware of the reasons concerning

Wright's decision.

      Based upon the foregoing reasons, this suit is not ripe for adjudication.

      **B.  Plaintiff Wright lacks standing to bring this litigation.**

      Plaintiff Wright has shown no injury in fact and can not be granted redress under

the 3-part test in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

"[Article] III requires a party who invokes the court's authority to 'show that he

personally has suffered some actual or threatened injury as a result of the putatively

illegal conduct of the defendant,' and that the injury 'fairly can be traced to the

challenged action' and 'is likely to be redressed by a favorable decision . . .'" Valley

Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citations omitted).

Licensing matters under the 21st Amendment and the Commerce Clause are matters that rest with the authority of the States. As discussed infra, Delaware has licenses available for out-of-state wineries that wish to sell their product in Delaware. 4 Del.C. §§ 501, 526; Rule No. 77. Plaintiff Wright could apply for either of these licenses in order to distribute its product in Delaware, but for reasons unknown to Defendants, has chosen not to. Despite its inaction to apply to sell its product in Delaware through § 501 or § 526, Plaintiff Wright nonetheless attempts to argue that its injury is lost sales because Delaware's regulatory scheme does not provide for direct shipment to Delaware residents. D.I.9, p. 7. However, such inaction by Wright leads, at best, to an abstract injury, if any.

Last, as discussed previously, there is no redressability here in either ordering the granting of a license to Plaintiff Wright in the absence of Wright's application for such a license or assuming, arguendo, a finding of unconstitutionality, until the Delaware General Assembly has enacted an appropriate regulatory scheme. It is within the purview of the states under the 21st Amendment in deciding an appropriate scheme.

III.    **PLAINTIFFS' REQUESTED RELIEF POTENTIALLY
        EXCEEDS THE SUBJECT MATTER JURISDICTION OF
        THIS COURT**.

        The U.S. Supreme Court in Granholm v. Heald, 544 U.S. --,  125 S.Ct. 1885,

1905 (2005) stated that its holding in that case was not an attack on the three-tier system,

which was a matter left to the states.[8]  Defendants submit that Plaintiffs' request here

goes well-beyond the Supreme Court's ruling and effectively dismantles the three-tier

system.  It is a matter of policy for the Delaware General Assembly to decide whether the

three-tier system is the best manner in which to organize the liquor industry in Delaware.

        Declaring the various statutory sections and regulations unconstitutional would

permit the shipment of wine and beer into Delaware without regulation and without

regulation for inventorying the types and amounts of liquor coming into the State for the

purpose of determining taxes owed to the State.  This would effectively repeal the 21st

Amendment to the extent it concerned the sale and distribution of wine and beer in

Delaware and the imposition of taxation thereon. If Plaintiffs are successful, Delaware

would lose the ability to monitor a closely-regulated industry and minimize, if not

eliminate, the State's ability to enforce the collection of tax revenues from the sale of

alcoholic beverages owed the State. Defendants submit this would effectively abolish

State regulation of the liquor industry, contrary to the 21st Amendment and well-beyond

the holding in Granholm.

---

[8]   Plaintiffs chose not to address this argument in their Answering Brief. D.I. 9, p. 1.

## **CONCLUSION**

Based upon the foregoing arguments, Defendants respectfully request this Honorable Court enter an Order dismissing Plaintiffs' complaint for the reasons set forth herein.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated:  February 13, 2006

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 13, 2006 she caused the attached Defendants' Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss, to be electronically filed or delivered to the following persons in the form and manner indicated:

NAME AND ADDRESS OF RECIPIENT(S):

<u>By U.S. Mail (2 copies)</u>:
James R. Folsom, Esquire
1215 King Street
Wilmington, DE 19801

<u>By Electronic Filing</u>:
Robert D. Epstein, Esq.                           James A. Tanford
Epstein, Cohen, Donahoe & Mendes                  Indiana University School of Law
50 S. Meridian St., Suite 505                     211 South Indiana Ave.
Indianapolis, IN 46204                            Bloomington, IN 47405

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801