


**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

PLEASE REPLY TO:

New Castle County – Civil Division          August 25, 2006

The Honorable Sue L. Robinson, Chief Judge
U.S. District Court, District of Delaware
844 North King Street
Lock Box 31
Wilmington, DE 19801

  RE:  **Hurley, et al. v. Minner, et al.**
       **No. 1:05-cv-826-SLR**

Dear Chief Judge Robinson:

   Please accept this letter as a brief status report concerning several aspects of the above-referenced matter.

   In their amended complaint, Plaintiffs allege that Section 512A, Title 4 of the Delaware Code is discriminatory in that: (1) it prevents out-of-state wineries from selling directly to consumers while in-state wineries may sell to consumers on its premises (Count I); and (2) it permits in-state wineries to sell to retailers while out-of-state wineries are required to utilize wholesalers (Count II). Defendants filed a Motion to Dismiss on various grounds and a Motion to Stay pending action by the Delaware General Assembly on proposed legislation, HB 336, to amend Section 512A. As HB 336 has become law, the parties agree that Count II of the amended complaint is now moot and should be dismissed.

   With respect to Count I, Plaintiffs contend HB 336 did not affect this claim and no additional briefing is needed at this time for the Court to rule on Defendants' Motion to Dismiss. However, the parties wish to inform this Court that there is pending litigation in Maine, Indiana, Kentucky, and New Jersey raising similar issues as Plaintiffs raise here in Count I: whether requiring on-premises (or face-to-face) sales to consumers is discriminatory. In the Maine litigation, the magistrate judge issued recently a recommended decision concerning this issue based upon a stipulated record, to which Plaintiffs filed objections on July 29, 2006. *Cherry Hill Vineyard, LLC, et al. v. Baldacci, et al.*, No. 05-CV-153-B-W (D. Maine July 27, 2006)

The Hon. Susan L. Robinson, Chief Judge
August 25, 2006
RE: Hurley, et al. v. Minner, et al.
Page 2

(recommended decision) (copy enclosed). Should any final judgment be issued by any of those U.S. District Courts while this matter is pending before this Court, the parties will bring it to the Court's attention and remain at the Court's disposal if the Court thereafter wishes additional briefing addressing any such decisions.

Further, according to the Motion to Stay, Defendants requested this litigation be stayed pending the action of the General Assembly on proposed legislation. The parties also agree this motion has now become moot and should be dismissed. The parties also agree that the Governor and the Attorney General are not proper parties to this litigation and should also be dismissed.

Last, Defendants request the caption be changed to reflect the correct spelling of Commissioner Cordrey's last name.

Please contact me if the Court has any questions.

Respectfully submitted,

Laura L. Gerard
Deputy Attorney General
DE I.D. No. 3202

encl.

Cc: The Hon. John H. Cordrey, Commissioner
James R. Folsom, Esq.
James A. Tanford, Esq.
Robert D. Epstein, Esq.