UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | 1:05-cv-826-SLR |
| | ) | |
| vs. | ) | |
| | ) | |
| RUTH ANN MINNER, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER
DISMISSING CASE AND FOR RELIEF FROM THAT ORDER**

Come now the plaintiffs, by counsel, and move this Court pursuant to Fed. R. Civ. P. 60(b)(6) for reconsideration of and relief from its Order granting the Defendant's Motion to Dismiss (D.I. 14).

In its Order, the Court dismissed the Complaint for failure to state a claim upon which relief can be granted. This ground was not among those raised by the Defendants in their motion to dismiss and consequently was not addressed by the Plaintiffs in their Response in Opposition. The Court has therefore dismissed Plaintiffs claims on the merits without providing Plaintiffs with notice or the opportunity to be heard on the matter. As more fully explained in the accompanying memorandum, Plaintiffs believe they could have made arguments and provided legal authority to the Court on this issue which the Court would have found useful and which would have changed the outcome.

WHEREFORE, Plaintiffs respectfully request that the Court vacate its Order dismissing the case and allow Plaintiffs to submit a brief on the issue, and then reconsider whether the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

1

October 6, 2006                         Respectfully submitted,
                                        ATTORNEYS FOR PLAINTIFFS

                                        <u>s/ **James R. Folsom**</u>
                                        James R. Folsom (Del. Bar ID 2739)
                                        1215 King St.
                                        Wilmington DE 19801
                                        (302) 658-8982
                                        delawareattorney@aol.com

                                        -- and --

                                        Robert D. Epstein
                                        EPSTEIN COHEN DONAHOE & MENDES
                                        50 S. Meridian St., Suite 505
                                        Indianapolis, IN   46204
                                        Tel: 317-639-1326
                                        Fax: 317-638-9891
                                        rdepstein@aol.com

                                        James A. Tanford
                                        Indiana University School of Law
                                        211 South Indiana Avenue
                                        Bloomington, IN   47405
                                        Tel: 812-855-4846
                                        Fax: 812-855-0555
                                        tanford@indiana.edu

CERTIFICATE OF SERVICE

The undersigned certifies that on October 6, 2006, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

>Laura Gerard
>Deputy Attorney General
>820 N. French St., 6th floor
>Wilmington DE  19801
>Laura.Gerard@state.de.us

>>s/ **James R. Folsom**
>>James R. Folsom (Del. Bar ID 2739)
>>1215 King St.
>>Wilmington DE 19801
>>(302) 658-8982
>>delawareattorney@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, et al. ) | |
| ) | |
| *Plaintiffs*, ) | 1:05-cv-826-SLR |
| ) | |
| vs. ) | |
| ) | |
| RUTH ANN MINNER, et al. ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER DISMISSING
CASE AND FOR RELIEF FROM THAT ORDER**

Filed: October 6, 2006

by

James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com

Attorney for all Plaintiffs

1

## TABLE OF CONTENTS

Table of Citations .................................................................................................. 3

I. NATURE AND STAGE OF THE PROCEEDING ...................................................... 5

II. SUMMARY OF ARGUMENT ................................................................................ 5

III. STATEMENT OF FACTS ..................................................................................... 5

IV. ARGUMENT

    A. THE COURT SHOULD NOT HAVE DISMISSED THE ................................. 6
    COMPLAINT WITHOUT GIVING PLAINTIFFS PRIOR NOTICE
    AND AN OPPORTUNITY TO BE HEARD

    B. THE COMPLAINT STATES A CLAIM THAT DELAWARE ........................ 8
    LAW DISCRIMINATES "IN PRACTICAL EFFECT" AGAINST
    OUT-OF-STATE WINERIES, AND THUS SHOULD NOT HAVE
    BEEN DISMISSED

V. CONCLUSION ................................................................................................... 10

## TABLE OF CITATIONS

CASES

Andreano v. City of Westlake, 136 Fed. Appx. 865 (6th Cir. 2005) ............................... 7

Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999) ................................................................ 7

Bacchus Imports, Ltd. v. Dias, 468 U.S. 263 (1984). .................................................... 9

Batchelder v. INS, 2006 WL 1278726 (8th Cir. 2006) ................................................... 7

C & A Carbone, Inc. v. Town of Clarkstown, N.Y., 511 U.S. 383 (1994) ..................... 9

Celotex v. Catrett, 477 U.S. 317 (1986) ......................................................................... 7

Cepero-Rivera v. Fagundo, 2005 WL 1543194 (1st Cir. 2005) ..................................... 7

Chemical Waste Mgmt., Inc. v. Hunt, 504 U.S. 334 (1992) .......................................... 8

Chute v. Walker, 281 F.3d 314 (1st Cir. 2002) ............................................................... 7

Dougherty v. Harper's Magazine Co., 537 F.2d 758 (3rd Cir. 1976) ......................... 5, 7

Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115 (1st Cir. 1981) ................... 9

Gilmore v. City of Montgomery, Ala., 417 U.S. 556 (1974) ......................................... 9

Granholm v. Heald, 544 U.S. 460 (2005) ............................................................... 5, 6, 9

Griffin v. LeMaster, 37 Fed. Appx. 348 (10th Cir. 2002). ............................................. 8

Griffiths v. Amtrak, 106 Fed. Appx. 79 (1st Cir. 2004) ................................................. 7

Huber Winery v. Wilcher, 2006 WL 2457992 (W.D. Ky. 2006) .............................. 5, 10

Hughes v. Oklahoma, 441 U.S. 332 (1979) .................................................................... 8

Jordan v. County of Montgomery, Pennsylvania, 404 F.2d 747 (3d Cir. 1969) ............. 7

Liu v. Oriental Buffet, 134 Fed. Appx. 544 (3rd Cir. 2005) ........................................... 7

Marak v. Dallas Ft. Worth Inter. Airport, 124 Fed. Appx. 272 (5th Cir. 2005) ............. 6

Mowbray v. Cameron Co., Tex., 274 F.3d 269 (5th Cir. 2001) ...................................... 7

New Energy Co. v. Limbach, 486 U.S. 269 (1988) ........................................................ 8

Philadelphia v. New Jersey, 437 U.S. 617 (1978). ....................................................... 8

Pourghoraishi v. Flying J, Inc., 449 F.3d 751 (7th Cir. 2006) ......................................... 7

Rose v. Zilioux, 84 Fed. Appx. 107 (2d Cir. 2003) .................................................... 7-8

Titus v. Mercedes Benz of N. Am., 695 F.2d 746 (3rd Cir. 1982) ................................... 7

Tonnesen v. Marlin Yacht Mfg, Inc., 171 Fed. Appx. 810 (11th Cir. 2006) ................... 7

U.S. v. Hicks, 625 F.2d 216 (9th Cir. 1980) ................................................................... 9

West Lynn Creamery, Inc. v. Healy, 512 U.S. 186 (1994) ............................................. 8

## I. NATURE AND STAGE OF THE PROCEEDING

The Court has dismissed the Complaint on grounds not briefed or argued by the parties (D.I. 13-14). This motion asks the Court to reconsider its Order dismissing the Complaint, to vacate it, and to allow plaintiffs to be heard on the merits.

## II. SUMMARY OF ARGUMENT

1. The Court should vacate its Order dismissing the case and set a briefing schedule on the issue because a court may not dismiss a Complaint without giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue and present legal arguments. *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3rd Cir. 1976).

2. If given the opportunity, plaintiffs will file a brief demonstrating that their Complaint should not have been dismissed because it states a valid Commerce Clause claim that Delaware law discriminates against out-of-state wineries as a matter of practical effect. *Granholm v. Heald*, 546 U.S. 460, 466 (2005); *Huber Winery v. Wilcher*, ___ F. Supp. 2d ___, 2006 WL 2457992 (W.D. Ky. 2006).

## III. STATEMENT OF FACTS

Plaintiffs filed their complaint on December 2, 2005 (D.I. 1) and an amended Complaint on January 6, 2006 (D.I. 4). The Amended Complaint alleged that Delaware law discriminates against out-of-state wineries and provides economic protection to in-state businesses by allowing in-state wineries to sell wine directly to consumers, but prohibiting out-of-state wineries from doing so and requiring them to use a Delaware wholesaler. Plaintiffs allege that this scheme violates the Commerce Clause under the authority of *Granholm v. Heald*, 544 U.S. 460 (2005).

5

In lieu of filing an answer, the Defendants moved to dismiss the case on several grounds: 1) lack of ripeness (Def. Brief at 12-15), 2) lack of standing (Def. Brief at 15-16), and 3) that some of the relief requested by plaintiffs might "potentially" exceed the subject-matter jurisdiction of the court (Def. Brief at 16-17). The Defendants did not argue that the case should be dismissed for failure to state a valid Commerce Clause claim under Fed. R. Civ. P. 12(b)(6), and made no argument that the statutes at issue were non-discriminatory.[1]

The Court denied the State's motion to dismiss on the grounds raised by the State, but then dismissed the case anyway on the merits. Although the State had not argued that the laws at issue were non-discriminatory, nor that the Complaint failed to state a *Granholm* claim, the Court nevertheless concluded that the case should be dismissed on this basis. It examined the statutes at issue and concluded that they were non-discriminatory and that the Complaint therefore failed to state a claim upon which relief could be granted.

## IV. ARGUMENT

### A. THE COURT SHOULD NOT HAVE DISMISSED THE COMPLAINT WITHOUT GIVING PLAINTIFFS PRIOR NOTICE AND AN OPPORTUNITY TO BE HEARD

Where a Court dismisses a case on grounds not advanced by the defendants in their motion to dismiss, the dismissal is considered *sua sponte*. *Marak v. Dallas Ft. Worth Inter. Airport*, 124 Fed. Appx. 272 (5th Cir. 2005). Plaintiffs readily concede that Courts

---

[1] The State also asked that the Governor and Attorney-General be dismissed from the case on the grounds that they had no authority to enforce the laws at issue and therefore were not proper parties to the lawsuit. (Def. Brief at 7-11). Plaintiffs consented to dismiss as to these two defendants and to proceed solely against the third defendant, the Delaware Alcoholic Beverage Control Commissioner, so this matter is not before the Court.

6

have the inherent power to dismiss a complaint *sua sponte*, for example, when the plaintiff has failed to prosecute the suit, *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3rd Cir. 1982), where the Court has no jurisdiction, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), or when it would be a waste of judicial resources to litigate a baseless claim. *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3rd Cir. 1976). However, the Third Circuit has squarely held that "a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue" and present legal arguments. *Id.* at 761.² An order dismissing a complaint under Rule 12(b)(6), entered without affording the plaintiff an opportunity to be heard, would violate the Due Process Clause and constitute per se reversible error on appeal. *Jordan v. County of Montgomery, Pennsylvania*, 404 F.2d 747 (3d Cir. 1969).

The Third Circuit rule is in accord with the universal rule in the federal courts. Although the Court has the discretion to dismiss a complaint *sua sponte*, it may not do so without first notifying the plaintiffs of its intentions and allowing them an opportunity to be heard and, if there is a defect in the complaint, to cure the defect by amending their pleading. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), *citing Celotex v. Catrett*, 477 U.S. 317, 326 (1986) (notice to plaintiff required). *Accord Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002); *Mowbray v. Cameron Co., Tex.*, 274 F.3d 269, 281-82 (5th Cir. 2001); *Batchelder v. INS*, 2006 WL 1278726 (8th Cir. 2006); *Tonnesen v. Marlin Yacht Mfg, Inc.*, 171 Fed. Appx. 810 (11th Cir. 2006); *Cepero-Rivera v. Fagundo*, 2005 WL 1543194 (1st Cir. 2005); *Andreano v. City of Westlake*, 136 Fed. Appx. 865 (6th Cir. 2005); *Griffiths v. Amtrak*, 106 Fed. Appx. 79 (1st Cir. 2004); *Rose*

---

²See also *Liu v. Oriental Buffet*, 134 Fed. Appx. 544 (3rd Cir. 2005).

7

*v. Zilioux*, 84 Fed. Appx. 107 (2d Cir. 2003); *Griffin v. LeMaster*, 37 Fed. Appx. 348 (10th Cir. 2002).

Plaintiffs had no direct notice from the Court that it was considering dismissing the case for failure to state a claim upon which relief can be granted. They had no constructive notice either because this was not one of the three grounds raised by Defendants in their motion and brief in support of dismissal.[3] Because of the lack of notice, Plaintiffs had no opportunity to be heard on the matter, in violation of the procedures for *sua sponte* dismissal set by the courts of appeals.

## B. THE COMPLAINT STATES A CLAIM THAT DELAWARE LAW DISCRIMINATES "IN PRACTICAL EFFECT" AGAINST OUT-OF-STATE WINERIES, AND THUS SHOULD NOT HAVE BEEN DISMISSED

The Court dismissed the Complaint because the Delaware statutes at issue are facially non-discriminatory. The Court failed to consider whether the Complaint stated a claim of unconstitutional discrimination against interstate commerce <u>as a matter of practical effect</u>. The Supreme Court has long held that facially non-discriminatory laws may nevertheless be unconstitutionally discriminatory if they have the practical effect of placing an out-of-state product or producer at a "substantial commercial disadvantage" compared to in-state products and producers. *West Lynn Creamery, Inc. v. Healy*, 512 U.S. 186, 193 (1994); *New Energy Co. v. Limbach*, 486 U.S. 269, 275 (1988); *Chemical Waste Mgmt., Inc. v. Hunt*, 504 U.S. 334, 344 n.6 (1992); *Hughes v. Oklahoma*, 441 U.S. 332 (1979); *Philadelphia v. New Jersey*, 437 U.S. 617 (1978).[4]

---

[3]Indeed, the only mention of Rule 12(b)(6) is found in their section on the Standard of Review.

[4]A regulation also violates the Commerce Clause if it requires out-of-state products to be processed locally (e.g., through a Delaware wholesaler) before being sold, regardless of

8

Both *de jure* discrimination and *de facto* discrimination violate the various equality clauses of the Constitution, e.g., *Gilmore v. City of Montgomery, Ala.*, 417 U.S. 556, 565 (1974) (racial equality); *Fantasy Book Shop, Inc. v. City of Boston*, 652 F.2d 1115, 1122 (1st Cir. 1981) (equal treatment of all types of speech); *U.S. v. Hicks*, 625 F.2d 216, 218 (9th Cir. 1980) (gender equality), including the Commerce Clause. Indeed, the Supreme Court in *Granholm* itself stated clearly that the Commerce Clause is violated both by state laws that explicitly prohibit out-of-state wineries from selling directly to consumers, and those that "make direct sales impractical from an economic standpoint [and] grant in-state wineries a competitive advantage over wineries located beyond the States' borders." *Granholm*, 546 U.S. 466.

Plaintiffs' complaint is that Delaware's wine laws fall into the latter category of *de facto* discrimination against out-of-state wineries. The seemingly neutral rule that all direct sales must take place on the winery's premises has the practical effect of discriminating against out-of-state wineries, giving substantial commercial advantage to in-state wineries, and protecting the economic interests of Delaware businesses that currently have a monopoly on importing, distributing, and selling wine in the state. No one will <u>actually</u> drive all the way to California to buy a few bottles of wine, so as a practical matter, out-of-state wineries will be unable to sell their wine directly to consumers in Delaware just as if the law explicitly prohibited it. This is a valid claim of discrimination against interstate commerce and economic protectionism under the

---

whether in-state products are treated the same. *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383 (1994), or if it serves no significant purpose other than "mere economic protectionism" of local interests. *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 276 (1984).

Commerce Clause. *See Huber Winery v. Wilcher*, ___ F. Supp. 2d ___, 2006 WL 2457992 (W.D. Ky. 2006) (striking down Kentucky's similar on-premises rule as discriminating in practical effect against out-of-state wineries). It should not have been dismissed.

## V. CONCLUSION

The Court should vacate its Order dismissing the Complaint and allow plaintiffs to file a brief on the matter, and then reconsider whether plaintiffs have stated a Commerce Clause claim upon which relief can be granted.

October 6, 2006                              Respectfully submitted,
                                             ATTORNEYS FOR PLAINTIFFS

                                             **s/ James R. Folsom**
                                             James R. Folsom (Del. Bar ID 2739)
                                             1215 King St.
                                             Wilmington DE 19801
                                             (302) 658-8982
                                             delawareattorney@aol.com

                                             -- and --

                                             Robert D. Epstein
                                             EPSTEIN COHEN DONAHOE & MENDES
                                             50 S. Meridian St., Suite 505
                                             Indianapolis, IN   46204
                                             Tel: 317-639-1326
                                             Fax: 317-638-9891
                                             rdepstein@aol.com

                                             James A. Tanford
                                             Indiana University School of Law
                                             211 South Indiana Avenue
                                             Bloomington, IN   47405
                                             Tel: 812-855-4846
                                             Fax: 812-855-0555
                                             tanford@indiana.edu

10

CERTIFICATE OF SERVICE

The undersigned certifies that on October 6, 2006, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

>Laura Gerard
>Deputy Attorney General
>820 N. French St., 6th floor
>Wilmington DE  19801
>Laura.Gerard@state.de.us

>>s/ **James R. Folsom**
>>James R. Folsom (Del. Bar ID 2739)
>>1215 King St.
>>Wilmington DE 19801
>>(302) 658-8982
>>delawareattorney@aol.com