# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, and<br>KAREN G. WRIGHT AND STEPHEN WRIGHT,<br>d/b/a WRIGHT WINE WORKS,<br><br>Plaintiffs,<br><br>v.<br><br>RUTH ANN MINNER, Governor,<br>M. JANE BRADY, Attorney General,<br>and JOHN CORDREY, Delaware Alcoholic<br>Beverage Control Commissioner,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    1:05-cv-826-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWERING BRIEF OPPOSING
## PLAINTIFFS' MOTION FOR RECONSIDERATION

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Laura.Gerard@state.de.us
Attorney for Defendants

Dated:  October 20, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . .    1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

I.      PLAINTIFFS FAILED TO PLEAD OR DEMONSTRATE
        ANY EXTRAORDINARY CIRCUMSTANCES. . . . . . . . . .    7

        A.  THE ISSUE OF AT-PREMISES SALES WAS
            BRIEFED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

        B.  PLAINTIFFS STATED THAT NO FURTHER BRIEFING
            WAS NEEDED AND SHOULD BE BOUND BY
            THEIR REPRESENTATIONS TO THIS COURT. . . . . .    9

        C.  PLAINTIFFS HAD AMPLE NOTICE AND
            OPPORTUNITY TO ANSWER DEFENDANTS'
            MOTION TO DISMISS. . . . . . . . . . . . . . . . . . . . . . . . .    10

II.     PLAINTIFFS' "DISCRIMINATORY EFFECT" ARGUMENT
        IS PREMISED UPON PLAINTIFFS' MISSAPPLICATION
        OF THE LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

## TABLE OF CITATIONS

**Cases**                                                          **Page(s)**

Ackermann v. U.S., 340 U.S. 193 (1950) . . . . . . . . . . . . . . . . . . . . . . . . .  6

American Life Ins. Co. v. Parra,
    2003 WL 22999543 (D.Del.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Andreano v. City of Westlake,
    2005 WL 1506049 (6th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . .  11

Batchelder v. INS, et al.,
    2006 WL 1278726 (8th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Brooks v. Vassar, 462 F.3d 341 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . .  5, 7, 12, 13

Cepero-Rivera v. Fagundo, 414 F.3d 124 (1st Cir. 2005) . . . . . . . . . . .  10

Chemical Waste Management, Inc. v. Hunt, et al.,
    504 U.S. 334 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Chute v. Walker, 281 F.3d 314 (1st Cir. 2002) . . . . . . . . . . . . . . . . . . .  11

City of Philadelphia v. New Jersey, 437 U.S. 617 (1978) . . . . . . . . . .  13

Coltec Industries, Inc. v. Hobgood,
    280 F.3d 262 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Dentsply Internat'l., Inc. v. Kerr Manufacturing Co.,
    42 F.Supp.2d 385 (D.Del. 1999) . . . . . . . . . . . . . . . . . . . . . . . . .  6

Dougherty v. Harper's Magazine Co.,
    537 F.2d 758 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

Granholm v. Heald, 544 U.S. 460 (2005) . . . . . . . . . . . . . . . . . . . . . . .  3, 4, 8, 9, 13

Griffin v. Lemaster,
    2002 WL 241283 (10th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Griffiths v. Amtrak,
    2004 WL 1754043 (1st Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

**Cases**                                                                 **Page(s)**

Huber Winery, et al. v. Wilcher, et al.,
    2006 WL 2457992 (W.D. Ky.) . . . . . . . . . . . . . . . . . . . . . . . . . . .   14, 15

Jordan v. County of Montgomery, Pennsylvania,
    404 F.2d 747 (3d Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Martinez-McBean v. Government of Virgin Islands,
    562 F.2d 908 (3d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Morris v. Horn, 187 F.3d 333 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . .   6

Mowbray v. Cameron County, Texas, 274 F.3d 269 (5th Cir. 2001) . . .   11

Pourghoraishi v. Flying J, Inc., 449 F.3d 751 (7th Cir. 2006) . . . . . . . . .   10

Reform Party of Allegheny County v. Allegheny County Dept. of
    Elections, 174 F.3d 305 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . .   6, 7

Rose v. Zillioux,
    2003 WL 22849850 (2nd Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Ross v. Meagan, 638 F.2d 646 (3d Cir. 1981) . . . . . . . . . . . . . . . . . . .   6

Sawka v. Healtheast, Inc., 989 F.2d 138 (3d Cir. 1993) . . . . . . . . . . .   6

Titus v. Mercedes Benz of North America,
    695 F.2d 746 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Tonnesen v. Marlin Yacht Manufacturing, Inc.,
    2006 WL 708935 (11th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10


**Statutes**

4 Del.C. § 512A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 8

KRS § 243.155 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

KRS § 243.156 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

**Rules**

Fed. R. Civ. Pro. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

| **Rules** | **Page(s)** |
|---|---|
| Fed. R. Civ. Pro. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1, 9, 10 |
| Fed. R. Civ. Pro. 60(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1, 2, 6, 7 |
| Fed. R. Civ. Pro. 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . | 10 |
| D. Del. LR 7.1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| D. Del. LR 7.1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs alleged in their amended complaint that various sections of the Delaware Liquor Control Act, Title 4 of the Delaware Code, and related rules and regulations violate the Commerce Clause of the United States Constitution. Plaintiffs specifically requested various relief, inter alia, that this Court require Defendants to permit out-of-state wineries to sell and deliver wine directly to consumers, restaurants and retailers in Delaware. D.I. 4, pars. A and B.

Defendants filed their Motion to Dismiss and supporting Opening Brief on January 20, 2006, under Fed. R. Civ. Pro. 12(b)(6) and (b)(1), seeking dismissal of Plaintiffs' complaint. D.I. 5, 6.

Plaintiffs filed their Answering Brief on February 6, 2006. D.I. 9.

Defendants filed their Reply Brief on February 13, 2006. D.I. 11.

*By letter dated August, 25, 2006*, the parties presented a joint status report to the Court. D.I. 12. In this letter, *Plaintiffs contended that* recent legislation did not affect Count I of their claim and *no additional briefing was needed at the time for the Court to rule on Defendants' Motion to Dismiss*.

The Court issued its Memorandum Opinion and Order on September 26, 2006, dismissing Plaintiffs' complaint. D.I. 13, 14,

On October 5, 2006, Plaintiffs filed their Motion for Reconsideration under Fed. R. Civ. Pro. 60(b)(6). D.I. 15.

This is Defendants' Answering Brief Opposing Plaintiffs' Motion for Reconsideration.

## <u>SUMMARY OF ARGUMENT</u>

I.      Plaintiffs failed to plead or demonstrate any extraordinary circumstances under Rule 60(b)(6) to warrant reconsideration. Specifically, the issue of at-premises sales and shipment directly to consumers' residences, which forms the basis for Plaintiffs' Motion for Reconsideration, was briefed by the parties and considered by this Court. The Court's Memorandum Opinion and Order was not <u>sua</u> <u>sponte</u> as Plaintiffs' allege, but responded to Defendants' Motion to Dismiss Plaintiffs' complaint. Furthermore, Plaintiffs represented to this Court that no further briefing was needed for the Court to decide Defendants' Motion to Dismiss on the remaining Count I of Plaintiffs' complaint. Plaintiffs should be bound by their representations.  Last, Plaintiffs had ample notice and opportunity to answer Defendants' Motion to Dismiss.

II.      Plaintiffs' "discriminatory effect" argument is premised upon Plaintiffs' misapplication of the law and therefore, should not hold any weight in this Court's consideration of Plaintiffs' motion.

For the reasons herein, Plaintiffs' Motion for Reconsideration should be denied.

## STATEMENT OF FACTS

This Court issued its Memorandum Opinion and Order, dated September 26, 2006, dismissing Plaintiffs' complaint on the basis that it failed to state a claim upon which relief can be granted. D.I. 13, 14. Specifically, the Court determined that Plaintiffs sought the ability to sell and ship wine directly to Delaware residents' homes, however, noted that neither in-state nor out-of-state wineries are allowed to deliver wine directly to Delaware residences under current Delaware law. D.I. 13, p. 14. Accordingly, the Court concluded that both types of wineries were treated the same with respect to direct wine shipments to Delaware residents. D.I. 13, p. 15.

Plaintiffs seek reconsideration of the Court's Memorandum Opinion and Order, requesting the Court to vacate its Order and allow Plaintiffs to be heard on the merits. Plaintiffs claim they did not have an opportunity to address and present legal argument on the issue upon which the Court dismissed Plaintiffs' complaint. D.I. 15, p. 5.

The parties did brief the issue.

In its amended complaint, *Plaintiffs sought permission for out-of-state wineries to sell and deliver wine directly to consumers in Delaware*. D.I. 4, pars. A and B.[1] Plaintiffs complained that in-state Delaware licensed wineries may sell and deliver wines to consumers on the [winery's] premises, under 4 Del.C. § 512A, while out-of-state wineries may only sell their wine on their out-of-state premises or through a separate wholesaler after obtaining a suppliers or direct shippers license. D.I. 4, pars. 14-16. Under Granholm v. Heald, 546 U.S. 460 (2005), Plaintiff Wright, a winery in

---

[1]        Plaintiffs also requested relief in order to sell and deliver wine directly to restaurants and retailers. D.I. 4, pars. A and B. The parties stipulated that this Count II of Plaintiffs' amended complaint was moot and should be dismissed following the legislative amendments to Section 512A accomplished by H.B. 336. D.I. 12.

Pennsylvania, sought relief to be permitted to sell its wine directly to Delaware consumers by internet, telephone and on-site orders, and to deliver wine to customers' residences in Delaware. D.I. 4, pars. 18-20.

In their Motion to Dismiss, Defendants indicated, inter alia, that no direct selling of wine to individuals is permitted under Section 512A, other than at a winery's premises. 4 Del.C. § 512A(b); D.I. 6, pp. 4-7, 16-17, D.I. 11, pp. 3-5. Furthermore, no in-state Delaware licensed winery can sell its wine directly to Delaware consumers by internet or telephone nor deliver wine directly to customers' residences in Delaware. D.I. 11, pp. 3-5, 9. Defendants argued that the relief sought by Plaintiffs exceeded the holding of Granholm, supra. D.I. 6, p. 16, D.I. 11, p. 9. Defendants sought dismissal of Plaintiffs' complaint. D.I. 6, p. 18, D.I. 11, p. 11. Plaintiffs set forth their position in their Answering Brief. D.I. 9, pp. 2, 3-4, 7-8.[2]

Further, in a joint status letter to the Court dated August 25, 2006, Plaintiffs contended that recent legislation by the Delaware General Assembly did not affect their claim under Count I of their amended complaint, and, abjuring the chance to argue their position further, stated that no additional briefing was needed for the Court to rule on Defendants' Motion to Dismiss. D.I. 12. The parties informed the Court that there is pending litigation in various states raising similar issues as Plaintiffs raised in Count I: whether requiring sales to consumers at the premises (or face-to-face) is discriminatory. D.I. 12.

Since that time, the Fourth Circuit Court of Appeals, ruling on Virginia legislation, has held, inter alia, that Virginia's personal import exception for small quantities of out-of-state wine and maintenance of the three-tier system was not economic

---

[2]     Plaintiffs' Answering Brief did not include a Statement of Facts. D.Del. LR 7.1.3(c).

protectionism and Virginia's policy of selling only in-state wines through its own stores was protected under a market participant exception. <u>Brooks v. Vassar</u>, 462 F.3d 341 (4th Cir. 2006).

## ARGUMENT

## STANDARD OF REVIEW

Relief from judgment under the catchall provision of Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances. Ackermann v. U.S, 340 U.S. 193, 197-98, 202 (1950); Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999); Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 311-12 (3d Cir. 1999) (en banc) (citing Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977)). The relief afforded under this provision may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur. Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). "The decision to grant or deny relief under Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in the light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). See also American Life Ins. Co. v. Parra, 2003 WL 22999543, at 1 (D.Del. Dec. 22, 2003) (lack of showing extraordinary circumstances changed consideration of Rule 60(b)(6) motion to motion under D. Del. LR 7.1.5); Dentsply Internat'l., Inc. v. Kerr Manufacturing Co., 42 F.Supp.2d 385, 419 (D.Del. 1999) (application of D. Del. LR 7.1.5).

A district court can only grant a motion for reconsideration which alters, amends or offers relief from a judgment when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. American Life Ins. Co. v. Parra, supra, at 1 (citation omitted).

6

Based upon the reasons stated herein, Plaintiffs' Motion for Reconsideration should be denied.

## I.     PLAINTIFFS FAILED TO PLEAD OR DEMONSTRATE ANY EXTRAORDINARY CIRCUMSTANCES.

Plaintiffs did not allege or demonstrate any extraordinary circumstances that warrant reconsideration and therefore, their motion must fail. Reform Party of Allegheny County v. Allegheny County Dept. of Elections, supra, at 311.  The Third Circuit Court of Appeals has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances. Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273-74 (3d Cir. 2002) (citations omitted). In the present case, Plaintiffs argue that the Court did not consider the merits of Plaintiffs' face-to-face sales claim in granting the dismissal at issue, and now rely upon a District Court of Kentucky decision dated August 21, 2006.[3] D.I. 15, pp. 9-10. This reason does not constitute an "extraordinary circumstance." A change in decisional law[4] alone is not considered exceptional and rarely justifies such relief under Rule 60(b)(6). Coltec, supra, at 273. Additionally, Plaintiffs' counsel was well-aware of the Kentucky case and did not bring it to the Court's attention before the issuance of its September 26 Memorandum Opinion.  Plaintiffs should not now be allowed to bring forth this case as a basis for its motion.

---

[3]     At the same time, Plaintiffs ignore a decision from the Fourth Circuit Court of Appeals dated September 11, 2006.  Brooks v. Vassar, 462 F.3d 341 (4th Cir. 2006).

[4]     Defendants contend the Kentucky case is not controlling in Delaware and dispute that it qualifies as "decisional law." Coltec, supra.

A.    **THE ISSUE OF AT-PREMISES SALES WAS BRIEFED.**

Plaintiffs allege this Court dismissed the complaint on grounds not briefed or argued by the parties. D.I. 15, pp. 6-10. However, the record itself does not support Plaintiffs' argument here. The parties presented the issue of at-premises (or face-to-face) sales, found at Plaintiffs' Complaint Count I, to the Court in the various briefs on Defendants' Motion to Dismiss, and the Court considered those arguments in reaching its Opinion.

Plaintiffs' motion attempts to relitigate a matter already briefed and decided by the Court. In its briefs, Defendants indicated, inter alia, that no direct selling of wine to individuals is permitted under 4 Del.C. § 512A other than at the premises. This issue was, in fact, set forth throughout Defendants' Opening Brief, including its Statement of Facts. D.I. 6, pp. 4-7, 16-17. D.I. 11, pp. 3-5. Defendants contended that the relief sought by Plaintiffs -- to sell its wine directly to Delaware consumers *by internet, telephone and on-site orders, and to deliver wine directly to customers' residences* in Delaware (D.I. 4, par. 18) -- exceeded the holding of Granholm v. Heald, 544 U.S. 460 (2005). D.I. 6, pp. 16-17. Further, Defendants contended this requested relief was not afforded to in-state Delaware licensed wineries. D.I. 6, pp. 4-7, D.I. 11, pp. 3-5, 9. Based upon the reasons set forth in its briefs, Defendants requested dismissal of Plaintiffs' complaint in its entirety. D.I. 6, p. 18, D.I. 11, p. 11.

Plaintiffs set forth their position in their Answering Brief. Plaintiffs argued that in-state wineries are not subject to the limitations of proceeding through a separate wholesaler and retailer upon payment of mandatory additional fees, so a direct shipper license would not eliminate the alleged discrimination. D.I.9, p. 2. Plaintiffs further

argued that the direct shipper license did not allow out-of-state wineries to sell their wine directly to residents of Delaware, as in-state wineries could. D.I. 9, pp. 3-4. Additionally, Plaintiffs argued that, under <u>Granholm</u>, Plaintiffs here were not seeking a direct shipper license, but relief from the Court to strike the law that prohibits Plaintiffs from making direct sales and deliveries of wine.  D.I. 9, pp. 7-8.

The facts and record of this case clearly do not support reconsideration.

### B.  PLAINTIFFS STATED THAT NO FURTHER BRIEFING WAS NEEDED AND SHOULD BE BOUND BY <u>THEIR REPRESENTATIONS TO THIS COURT.</u>

Briefing on the Motion to Dismiss concluded in February 2006. No documents were filed with the Court from March through July 2006. By joint letter to the Court dated August 25, 2006, Plaintiffs contended that no further briefing on Count I of Plaintiffs' complaint regarding face-to-face or at-premises sales, was needed. D.I. 12.  If Plaintiffs believed its position was not set forth fully in its Answering Brief, Plaintiffs were obliged to notify the Court or, at a minimum, request the opportunity for further briefing. They did not. Yet, after receiving an unfavorable decision, Plaintiffs allege now in their motion that they were unaware that Defendants filed their Motion to Dismiss on the basis of Fed.R.Civ.Pro. 12(b)(6). D.I. 15, p. 8. Defendants fail to understand how Plaintiffs could make such an argument in good faith after briefing and 8 months of litigation.

9

### C.    PLAINTIFFS HAD AMPLE NOTICE AND OPPORTUNITY TO ANSWER DEFENDANTS' MOTION TO DISMISS.

"A Rule 12(b)(6) motion for dismissal may be disposed of only after a hearing, which affords an opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion." Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976). Written submission in lieu of hearing has been allowed under Fed. R. Civ. Pro. 78. Id., n. 3.

Plaintiffs here had full opportunity to present its legal arguments in writing to the pending motion to dismiss, and did so. D.I. 9.  However, Plaintiffs argue that the Court dismissed the complaint sua sponte, which is an inaccurate reflection of the record. D.I. 15, pp. 6-8.  The Court here dismissed the complaint in response to Defendants' pending Motion to Dismiss, following briefing by the parties. Defendants' motion clearly showed that Defendants sought dismissal of the entire complaint. D.I. 6, p. 18, D.I. 11, p. 11.

Additionally, Plaintiffs' cases in support of their contention that the Court can not dismiss a case sua sponte reflect totally different procedural postures from the case at bar and, therefore, add nothing to Plaintiffs' argument. D.I. 15, pp. 6-8.  See, e.g., Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 765 (7th Cir. 2006) (dismissal entered against all defendants, including co-defendants not moving for dismissal); Batchelder v. INS, et al., 2006 WL 1278726, at 1 (8th Cir.) (dismissal affirmed but modified where *pro se* plaintiff did not have notice);  Tonnesen v. Marlin Yacht Manufacturing, Inc., 2006 WL 708935, at 3-4 (11th Cir.) (no motion to dismiss pending; dismissal entered based on affidavit not served on plaintiffs); Cepero-Rivera v. Fagundo, 414 F.3d 124, 130 (1st Cir. 2005) (dismissal entered against all defendants, including co-defendants not moving for dismissal); Andreano v. City of Westlake, 2005 WL 1506049, at 7-8 (6th Cir.) (dismissal

entered where no motion to dismiss pending against substantive claims in count two of

complaint); Griffiths v. Amtrak, 2004 WL 1754043, at 1 (1st Cir.) (no motion to dismiss

pending); Rose v. Zillioux, 2003 WL 22849850, at 2 (2nd Cir.) (dismissal entered against

all defendants, including co-defendant not moving for dismissal); Chute v. Walker, 281

F.3d 314, 315 (1st Cir. 2002) (dismissal of entire complaint where motions to dismiss

were filed on only some counts of complaint); Griffin v. Lemaster, 2002 WL 241283, at 2

(10th Cir.) (dismissal for failure to prosecute); Mowbray v. Cameron County, Texas, 274

F.3d 269, 281-82 (5th Cir. 2001) (dismissal appropriate where plaintiff had notice and

opportunity to argue issue); Apple v. Glenn, 183 F.3d 477, 478-79 (6th Cir. 1999) (no

motion to dismiss pending); Titus v. Mercedes Benz of North America, 695 F.2d 746,

747-49 (3d Cir. 1982) (no motion to dismiss pending; case dismissed where plaintiff

failed to prosecute); Doughtery v. Harper's Magazine Co., supra, at 760 (dismissal

entered before hearing oral argument on pending motion to dismiss); Jordan v. County of

Montgomery, Pennsylvania, 404 F.2d 747, 748 (3d Cir. 1969) (dismissal entered without

plaintiff filing opposition to dismissal). None of Plaintiffs' cases cited here are similar to

the case sub judice, and should not be afforded any weight.


## II.    PLAINTIFFS' "DISCRIMINATORY EFFECT" ARGUMENT IS PREMISED UPON PLAINTIFFS' MISSAPPLICATION OF THE LAW.

In their Motion for Reconsideration, Plaintiffs want to take yet another bite at the

apple, arguing, again, that the statute that requires that all direct sales must occur at a

winery's premises discriminates, in practical effect, against out-of-state wineries.

Compare D.I. 15, pp. 8-9 with D.I. 4, pars. 14-16, 22. As alleged previously in their

amended complaint, Plaintiffs, once again allege, now in their motion, that Delaware law

gives substantial commercial advantage to in-state wineries and protects economic interests of Delaware businesses. Compare D.I. 15, p. 9 with D.I. 4, par. 22. This Court decided this issue. As this Court noted well, Plaintiffs' seek relief here to sell and ship wine directly to Delaware residents' homes, which is *not* the same as the ability to sell directly to consumers *at the premises* of a winery. D.I. 13, p. 14; D.I. 6, pp. 5-6, D.I. 11, pp. 4-5. The Court also acknowledged that Plaintiffs alleged that Delaware law treated in-state wineries more favorably than those from other states; the Court, taking the material allegations in Plaintiffs' complaint as true and construing the complaint in Plaintiffs' favor, concluded that in-state and out-of-state wineries were treated the same concerning direct wine shipments to Delaware residents – Delaware law does not authorize in-state wineries to directly ship wine to Delaware residents' homes. D.I. 13, pp. 14-15.

Plaintiffs seek a commercial advantage not granted to in-state wineries. The purpose of the Commerce Clause is to prevent economic discrimination against out-of-state interests, not to discriminate in their favor. There is no merit to Plaintiffs' argument, which Defendants dispute, that the sale at the premises gives an advantage to in-state wineries.[5]

Plaintiffs' argument regarding de facto discrimination based upon the geographic basis of alcohol regulation pursuant to the 21st Amendment was addressed by the Fourth Circuit Court of Appeals. Brooks v. Vassar, 462 F.3d 341 (4th Cir. 2006). The court there held that requiring the importation and sale of wine through the three-tier system, with the exception of allowing the importation of small quantities of out-of-state wine for personal consumption, was consistent with the ruling in Granholm, supra. Specifically,

---

[5]      As noted previously, while an in-state Delaware licensed winery is permitted to sell its product at its premises, a Delaware licensed wholesaler or a supplier located in Delaware is not permitted to sell its product at its premises. D.I. 11, p. 5, n. 6.

while the doctrine of the dormant Commerce Clause precluded a State from enacting

measure that afforded in-State producers economic protection by means of non-uniform

regulation, the court determined that uniform regulation of the two classes of producers

was permissible under the 21st Amendment, and that the three-tier system was

"unquestionably legitimate." Brooks v. Vassar, supra, at 352. In allowing for an

exception for the import of small amounts of wine for personal consumption, the Fourth

Circuit differentiated between an exception to an *import* regulation and an exception to a

*sales* regulation. Virginia consumers were granted a small exception to the import

requirement – which favors out-of-state wineries – while all producers were subject to the

same sales requirement, which entailed sale of their product through the three-tier system.

The Fourth Circuit found that the 21st Amendment allowed for State regulation of the

transportation, importation, and use of alcoholic beverages but not for economic

protectionism that was barred by the Commerce Clause, thus seeking to reconcile the two

equally-binding portions of the U.S. Constitution. That court sought to reconcile the 21st

Amendment and Commerce Clause by allowing State regulation of the transportation,

importation and use of alcoholic beverages – a matter of local control – as long as such

regulation was not for the purpose of discriminating against out-of-state products. Id.

Plaintiffs' heavy reliance upon the cases cited in their brief are misplaced and

easily distinguishable from the case at bar. D.I. 15, pp. 8-9. Unlike the regulation of the

liquor industry which has been delegated to the states under the 21st Amendment,

Plaintiffs' cases concern various industries that are *federally* regulated. City of

Philadelphia v. New Jersey, 437 U.S. 617, 628 (1978) ("The New Jersey law at issue

[prohibiting out-of-state solid waste] … falls squarely within the area that the Commerce

Clause puts off limits to state regulation."). Further, most of Plaintiffs' cases concern a state's imposition of additional fees for out-of-state businesses. See, e.g., Chemical Waste Management, Inc. v. Hunt, et al., 504 U.S. 334 (1992) (additional fee imposed on hazardous waste generated outside Alabama). In the case here, Plaintiff Wright Wine Works could obtain a license as a direct shipper at a licensing fee substantially less than the licensing fee for an in-state Delaware farm winery. D.I. 6, p. 6, n.7.

Similarly, Plaintiffs' reliance on Huber Winery, et al. v. Wilcher, et al., 2006 WL 2457992 (W.D. Ky.) is equally misplaced. In Huber Winery, plaintiffs challenged certain provisions of Kentucky statutes that allowed licensed in-state small and farm wineries to *ship* up to 2 cases of wine *directly to a consumer* who purchased the wine in-person at the winery, while subjecting out-of-state wineries to criminal prosecution for the same behavior. Id. at 2.  KRS § 243.155(1)(f); § 243.156(1)(h).  Unlike Kentucky, Delaware law does not allow for shipment or delivery of wine directly to a consumer at a consumer's residence, regardless of whether the wine originates from an in-state or out-of-state winery. D.I. 13, p. 14, D.I. 11, pp. 3-5, 9.  Additionally, Plaintiffs mention that Kentucky's "similar" on-premises rule was struck down in Hubery Winery.[6]  D.I. 15, pp. 9-10.  The Kentucky court's reasoning for doing so was based upon the plaintiffs' assertions that available alternatives for out-of-state wineries would be to establish a physical presence in Kentucky or wait and hope that Kentucky consumers would visit their locations while traveling. Id. at 5.  However, in the case here, Plaintiff Wright Wine Works has greater alternatives – become licensed in Delaware as a limited supplier or direct shipper. D.I. 6, pp. 5-6, 12, D.I. 11, pp. 3-5.

---

[6]    Defendants dispute Plaintiffs' characterization that Kentucky's provision is "similar" to Delaware's.

Based upon these reasons, Plaintiffs' arguments for reconsideration are without merit and therefore, their motion should be denied.

**CONCLUSION**

Based upon the foregoing arguments, Defendants respectfully request this Honorable Court enter an Order denying Plaintiffs' Motion for Reconsideration for the reasons set forth herein.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Laura.Gerard@state.de.us
Attorney for Defendants

Dated: October 20, 2006

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 20, 2006 she caused the attached Defendants' Answering Brief Opposing Plaintiffs' Motion for Reconsideration, to be electronically filed or delivered to the following persons in the form and manner indicated:

NAME AND ADDRESS OF RECIPIENT(S):

<u>By U.S. Mail (2 copies)</u>:
James R. Folsom, Esquire
1215 King Street
Wilmington, DE 19801

<u>By Electronic Filing</u>:
Robert D. Epstein, Esq.                     James A. Tanford
Epstein, Cohen, Donahoe & Mendes            Indiana University School of Law
50 S. Meridian St., Suite 505               211 South Indiana Ave.
Indianapolis, IN 46204                      Bloomington, IN 47405


                                            STATE OF DELAWARE
                                            DEPARTMENT OF JUSTICE

                                            /s/ Laura L. Gerard
                                            Laura L. Gerard (DE I.D. #3202)
                                            Deputy Attorney General
                                            Carvel State Office Building
                                            820 North French Street, 6th Floor
                                            Wilmington, DE 19801
                                            (302) 577-8400
                                            Laura.Gerard@state.de.us
                                            Attorney for Defendants