UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, et al. | ) |
| | ) |
| *Plaintiffs*, | ) 1:05-cv-826-SLR |
| | ) |
| vs. | ) |
| | ) |
| RUTH ANN MINNER, et al. | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION**

Filed: October 27, 2006

by

James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com

Attorney for all Plaintiffs

1

## TABLE OF CONTENTS

Table of Citations ................................................................................................... 3

I. CLARIFICATION OF THE ISSUE .................................................................. 4

II. ARGUMENT IN REPLY

    A. PLAINTIFFS HAVE NOT YET BRIEFED THE ISSUE OF WHETHER
    THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE
    GRANTED ................................................................................................ 6

    B. THE REASON THAT THE SUBSTANTIVE ISSUE OF DISCRIMINATION
    WAS NOT BRIEFED IS BECAUSE IT WAS NOT RAISED IN THE STATE'S
    MOTION, WHICH REQUESTED DISMISSAL BASED SOLELY ON
    STANDING AND RIPENESS .................................................................... 7

    C. THE STATEMENT IN THE STATUS REPORT THAT NO ADDITIONAL
    BRIEFING IS NEEDED CLEARLY REFERS ONLY TO THE PROCEDURAL
    ISSUES OF STANDING AND RIPENESS RAISED IN THE MOTION TO
    DISMISS ................................................................................................... 8

    D. A COMPLAINT CANNOT BE DISMISSED UNDER RULE 12(B)(6)
    WITHOUT GIVING PLAINTIFFS NOTICE AND AN OPPORTUNITY TO
    BRIEF THE DISPOSITIVE ISSUE ........................................................... 9

    E. BRIEFING THE DISCRIMINATION ISSUE WOULD NOT BE A WASTE
    OF TIME ................................................................................................... 9

III. CONCLUSION ................................................................................................. 10

# TABLE OF CITATIONS

<u>CASES</u>

Dougherty v. Harper's Magazine Co., 537 F.2d 758 (3rd Cir. 1976) .......................... 6, 9

Jordan v. County of Montgomery, Pennsylvania, 404 F.2d 747 (3d Cir. 1969) .......... 6, 9

Liu v. Oriental Buffet, 134 Fed. Appx. 544 (3rd Cir. 2005) ........................................... 9

<u>RULES</u>

Fed. R. Civ. P. 12(b)(6) ....................................................................................... *passim*

## ARGUMENT IN REPLY

### I. CLARIFICATION OF THE ISSUES

Sometimes in litigation one wonders whether the parties are even discussing the same case. This is such a situation. From the plaintiffs' perspective, the State's answering brief fails to address the grounds asserted in our motion for reconsideration, fails to respond coherently to the arguments in our opening brief, argues irrelevant issues having nothing to do with the motion before the Court, and makes factual statements about the proceedings that are simply false. The vast differences between our view of the issue and the State's view calls for careful articulation of exactly what the grounds for our motion were and what arguments have been advanced by each side that relate to the true basis of our motion for reconsideration.

As the Court is aware, Plaintiffs in this case have challenged the constitutionality of Delaware wine laws on the grounds that they discriminate against out-of-state wineries. The Court has dismissed the Complaint under Rule 12(b)(6), holding that it failed to state a claim upon which relief can be granted. To arrive at its decision dismissing the case, the Court considered three issues:

1) Whether Plaintiffs had standing.

2) Whether the issue was ripe for adjudication.

3) Whether the statutes at issue plausibly discriminated against interstate commerce in violation of the Commerce Clause.

The Court dismissed the Complaint on the third issue, ruling that the statutes in question were not discriminatory, so the Complaint failed to state a valid Commerce Clause claim.

Plaintiffs are seeking reconsideration on the grounds that the State's motion to

dismiss and the briefs connected thereto raised only the first two procedural issues (standing and ripeness), and the Court never gave notice that it would consider anything other than those two issues, so plaintiffs never had notice and opportunity to be heard on the dispositive issue of whether the complaint stated a claim of unconstitutional discrimination. Because there are Third Circuit cases clearly holding that the District Court may not dismiss a case under Rule 12(b)(6) without first giving plaintiffs the opportunity to brief the issue, the Plaintiffs have asked the Court to vacate its order dismissing the case and allow them to brief the matter.

The State has responded in several ways. It has asserted that we are being dishonest, and that we really did brief the third issue of whether the complaint stated a claim of unconstitutional discrimination. Somewhat inconsistently, it also asserts that even if we did not brief the issue, we were on notice and should have briefed it because the state's motion to dismiss was in fact made on the basis of Rule 12(b)(6) and/or their brief specifically argued the merits of whether the law was nondiscriminatory. Third, the State asserts that we have waived the right to brief the third issue (discrimination) by submitting a status report that no additional briefing was needed to address the first two procedural issues (standing and ripeness) which were then pending before the court in the motion to dismiss. The State also argues some irrelevant issues outside the scope of our motion to reconsider, such as whether a change in decisional law warrants reconsideration (Def. Br. at 7) and which of two recent cases from other jurisdictions expresses the better view on the constitutionality of face-to-face sales laws. (Def. Br. at 11-14). The State concedes that we have correctly stated the Third Circuit rule that plaintiffs must be given notice and opportunity to be heard before their case can be

dismissed under Rule 12(b)(6). *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3rd Cir. 1976); *Jordan v. Co. of Montgomery, Penn.*, 404 F.2d 747 (3d Cir. 1969).

## II. ARGUMENT IN REPLY

### A. PLAINTIFFS HAVE NOT YET BRIEFED THE ISSUE OF WHETHER THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The first dispute between the parties, oddly enough, is whether Plaintiffs have in fact briefed the substantive issue of whether the complaint satisfied Rule 12(b)(6) by stating a claim that the Delaware laws at issue discriminate against out-of-state wineries under the Supreme Court's definition of discrimination. The Plaintiffs say they never briefed this issue, and the State says they have.

This issue is easily resolved, because the Court can review the plaintiffs' brief in opposition to the motion to dismiss (D.I. 9) and see for itself that no such argument appears there. The State repeatedly makes the conclusory statement that plaintiffs briefed this issue, but they are unable to direct the Court's attention to any such briefing. The State claims such briefing can be found on pages 2, 3-4, and 7-8 of plaintiffs' answering brief on the motion to dismiss, (Def. Br. at 8-9), but no argument on whether Delaware law discriminates against out-of-state wineries actually appears on any of those pages.[1] The State also points to documents <u>other than a brief</u> as somehow satisfying the briefing requirement, i.e. an allegation in the Complaint (Def. Br. at 3) and a mention in a status report (Def. Br. at 4), but no argument appears in either of those sources either.

---

[1] Page 2 clearly addresses "the motion to dismiss for lack of standing and ripeness." The discussion on pages 3-4 and 7-8 similarly addresses standing.

### B. THE REASON THAT THE SUBSTANTIVE ISSUE OF DISCRIMINATION WAS NOT BRIEFED IS BECAUSE IT WAS NOT RAISED IN THE STATE'S MOTION, WHICH REQUESTED DISMISSAL BASED SOLELY ON STANDING AND RIPENESS

The second dispute between the parties is whether the substantive issue of discrimination was raised in the State's motion to dismiss and supporting brief. If the defendants had in fact asked the Court to dismiss the case under Rule 12(b)(6) because the statutes in question were patently nondiscriminatory, then plaintiffs would have had to brief the issue or waive argument thereon. Plaintiffs contend that the motion raised only procedural grounds -- standing, ripeness and whether the court lacked jurisdiction to grant some of the relief requested by the plaintiffs[2] -- and did not assert that the case should also be dismissed on substantive grounds pursuant to Rule 12(b)(6). The State says they also raised the substantive issue.

This dispute, too, is easily resolved by simply looking at the defendants' motion to dismiss (D.I. 5) and brief in support (D.I. 6). The Court can see for itself that no such argument appears there. The State's motion to dismiss is silent as to the exact grounds, which are spelled out in the accompanying brief. The brief's summary of argument (p. 2) lists four issues,[3] none of which is that the case should be dismissed for failure to state a claim because the statutes are non-discriminatory. Those same four issues are the only ones developed or discussed in the body of the brief. The State argues the governor is not a proper party at pages 7-9, that the attorney-general is not a proper party at pages 9-

---

[2]This lack of jurisdiction argument is not explained or supported by the citation to any authority, and is therefore waived.

[3](1) The governor is not a proper defendant, (2) The attorney-general is not a proper defendant, (3) Ripeness and standing, and (4) the plaintiffs; requested relief potentially exceeds the subject matter jurisdiction of the court.

11, that the case is not ripe and the defendants lack standing at pages 12-16, and that the requested relief potentially exceeds the subject matter jurisdiction of the court[4] at pages 16-17. Nowhere in these sections does the State mention Rule 12(b)(6),[5] use the phrase "failure to state a claim upon which relief can be granted," or argue in any way that the case should be dismissed because the statutes at issue are not discriminatory. Indeed, the State <u>specifically denies</u> that it is raising any substantive issues:

> It is, therefore, proper for this Court to determine the case here on procedural grounds prior to argument on the merits of the case.

Def. Br. at 12. It is simply ludicrous for the State to now claim that the substantive issue of discrimination was raised in their motion to dismiss.

## C. THE STATEMENT IN THE STATUS REPORT THAT NO ADDITIONAL BRIEFING IS NEEDED CLEARLY REFERS ONLY TO THE PROCEDURAL ISSUES OF STANDING AND RIPENESS RAISED IN THE MOTION TO DISMISS

The third dispute between the parties is whether plaintiffs waived the right to brief the discrimination issue by submitting a joint status report that says "With respect to Count I, Plaintiffs contend HB 336 did not affect this claim and no additional briefing is needed at this time for the Court to rule on Defendants' Motion to Dismiss." (Status Rpt. at 1, D.I. 12). Plaintiffs contend that the statement means only what it says -- that no further briefing is needed for the Court to rule <u>on the procedural issues that were presented in the motion to dismiss</u>. The State contends that this is also a waiver of the

---

[4] The State argues that the remedy could result in dismantling the three-tier distribution system and nullifying the 21st Amendment, and the court lacks jurisdiction to "declare the 21st Amendment unconstitutional."

[5] The State alludes to Rule 12(b)(6) in the section on "Standard of Review." It is possible the State meant to raise a 12(b)(6) issue in the body of the brief but inadvertently omitted it.

8

right to brief the discrimination issue, which was not raised in the Motion to Dismiss

It is clear from the context that Plaintiffs were only referring to whether further briefing to account for HB 336 was needed in order for the Court to rule on standing and ripeness. The statement does not refer to other briefs that the Plaintiffs might need to file in connection with other proceedings that present the substantive question of whether Delaware's wine laws discriminate against interstate commerce.

### D. A COMPLAINT CANNOT BE DISMISSED UNDER RULE 12(B)(6) WITHOUT GIVING PLAINTIFFS NOTICE AND AN OPPORTUNITY TO BRIEF THE DISPOSITIVE ISSUE

The final issue is not disputed. Plaintiffs assert that the Third Circuit has squarely held that a court may not dismiss a case under Rule 12(b0(6) "without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue" and present legal arguments. *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3rd Cir. 1976).[6] An order dismissing a complaint under Rule 12(b)(6), entered without affording the plaintiff an opportunity to be heard, would violate the Due Process Clause and constitute per se reversible error on appeal. *Jordan v. Co. of Montgomery, Penn.*, 404 F.2d 747 (3d Cir. 1969). The State concedes that this is a correct statement of the law. (Def. Br. at 10).

### E. BRIEFING THE DISCRIMINATION ISSUE WOULD NOT BE A WASTE OF TIME

The parties are also in tacit agreement that briefing the substantive issue of whether the Delaware laws discriminate against interstate commerce would have been helpful to the Court. Plaintiffs indicated that there was a line of Supreme Court cases holding that a

---

[6] See also *Liu v. Oriental Buffet*, 134 Fed. Appx. 544 (3rd Cir. 2005).

9

finding of discrimination can be based on practical effect as well as the on the face of a statute and a recent federal case holding unconstitutional an in-person sales requirement similar to Delaware's that the Court did not consider. (Pl. Br. at 8-10). The State cites a different recent case it says supports its position that the Delaware law is not discriminatory, and indicates that it believes that the in-person sales law struck down in Kentucky was not similar to the Delaware law. (Def. Br. at 12-14). This suggests that there may be valid arguments on both sides of the substantive issue of whether Delaware's wine laws are discriminatory, which were worthy of briefing.

### III. CONCLUSION

The Court should vacate its Order dismissing the Complaint and allow plaintiffs to file a brief on the question of whether the Delaware laws are discriminatory, and then reconsider whether plaintiffs have stated a Commerce Clause claim upon which relief can be granted.

October 27, 2006

Respectfully submitted,
ATTORNEYS FOR PLAINTIFFS

  **s/ James R. Folsom**
James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com

-- and --

Robert D. Epstein
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891
rdepstein@aol.com

James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel:  812-855-4846
Fax:  812-855-0555
tanford@indiana.edu

CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2006, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

Laura Gerard
Deputy Attorney General
820 N. French St., 6th floor
Wilmington DE  19801
Laura.Gerard@state.de.us

_s/  **James R. Folsom**_____
James R. Folsom (Del. Bar ID 2739)
1215 King St.
Wilmington DE 19801
(302) 658-8982
delawareattorney@aol.com