# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JOSEPH HURLEY, and                 )
KAREN G. WRIGHT AND STEPHEN WRIGHT, )
d/b/a WRIGHT WINE WORKS,        )
                                        )
        Plaintiffs,             )
                                        )
            v.                 )        1:05-cv-826-SLR
                                        )
JOHN CORDERY, Delaware Alcoholic     )
Beverage Control Commissioner,       )
                                        )
        Defendant.           )

## ANSWER OF STATE DEFENDANT JOHN CORDREY TO PLAINTIFFS' AMENDED COMPLAINT

NOW COMES Defendant, John H. Cordrey, in his official capacity as the Delaware Alcohol Beverage Control Commissioner ("State Defendant") and through his undersigned counsel, hereby Answers the Amended Complaint and states:

1.       State Defendant denies that the Court has jurisdiction to hear this case but admits the remainder of the allegations to the extent the allegations appear to summarize the substance of the provisions of 28 U.S.C. §§ 1331 and 1343(a)(3).

2.       State Defendant denies that this Court has authority to grant declaratory relief in this case.

6.       State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegations in paragraph 6 and therefore denies same.

7.       State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegations in paragraph 7 and therefore denies same.

8.     State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegations in paragraph 8 and therefore denies same.

9.     Admitted.

10.     Admitted only that Ruth Ann Minner is the Governor of the State of Delaware. State Defendant affirmatively states that the parties stipulated to dismiss the Governor as a defendant from Plaintiffs' action.

11.     Denied as alleged. Admitted only that Joseph R. Biden, III is the Attorney General.  State Defendant affirmatively states that the parties stipulated to dismiss the Attorney General as a defendant from Plaintiffs' action.

12.     Denied as alleged.  Admitted only that John H. Cordrey is the Delaware Alcoholic Beverage Control Commissioner and has authority to license and regulate the sale of alcoholic beverages in the State of Delaware.

13.     Admitted only that State Defendant Cordrey is acting under the color of state law when exercising the authority to license and regulate the sale of alcoholic beverages in Delaware.

14.     Denied. Admitted that an in-state farm winery is permitted to sell wine it produces at the licensed premises in face-to-face transactions to individuals for consumption on the licensed premises or consumption off the licensed premises.  Denied that an in-state farm winery is permitted to sell and ship wine directly to Delaware residents, individuals or retailers.

15.     Admitted.

16.     Denied as alleged. Plaintiff Wright Wine Works and any other winery that does not hold a Delaware farm winery license is not permitted to sell wine to consumers in

Delaware.  An in-state Delaware licensed winery is not permitted to ship wine to Delaware residents, individuals or retailers.

17.    State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegation and therefore denies same.

18.    State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegation and therefore denies same.

19.    State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegation and therefore denies same.

20.    Denied as alleged. No entity, whether or not the holder of a Delaware liquor license, can ship and deliver to consumers located in Delaware under Delaware law.

21.    State Defendant is without sufficient information or knowledge on which to form a belief as to the truth of the allegation and therefore denies same.

22.    Denied.

23.    State Defendant states that the allegations contained in Count II and paragraph 23 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

24.    State Defendant states that the allegations contained in Count II and paragraph 24 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

25.    State Defendant states that the allegations contained in Count II and paragraph 25 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the

parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

26.     State Defendant states that the allegations contained in Count II and paragraph 26 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

27.     State Defendant states that the allegations contained in Count II and paragraph 27 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

28.     State Defendant states that the allegations contained in Count II and paragraph 28 of Plaintiffs' Amended Complaint are moot and were dismissed by stipulation of the parties by letter to the Court dated August 25, 2006 and therefore no response to Count II and this paragraph is required.

## FIRST AFFIRMATIVE DEFENSE

29.     Plaintiffs lack standing to raise the claim alleged and/or lack injury in fact.

## SECOND AFFIRMATIVE DEFENSE

30.     The Amended Complaint fails to state any claim upon which relief sought may be granted.

## THIRD AFFIRMATIVE DEFENSE

31.     Plaintiffs failed to exhaust their administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

32.    Plaintiffs' claims, if any, are barred due to the preemption under the 21st Amendment, U.S. Const. Amend. XXI.

## FIFTH AFFIRMATIVE DEFENSE

33.    This Court lacks jurisdiction over the subject matter of Plaintiffs' action.

## SIXTH AFFIRMATIVE DEFENSE

34.    Plaintiffs have no property interest or other right that is subject to protection in this action.

## SEVENTH AFFIRMATIVE DEFENSE

35.    Plaintiffs' relief requested is contrary to the provisions of 28 U.S.C. § 1341 and the Court lacks authority to grant such relief.

## EIGHTH AFFIRMATIVE DEFENSE

36.    Plaintiffs failed to name indispensable parties.

## NINTH AFFIRMATIVE DEFENSE

37.    Plaintiffs' claims are barred by sovereign immunity.

## TENTH AFFIRMATIVE DEFENSE

38.    Plaintiffs' claims are barred by Eleventh Amendment immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

39.    Plaintiffs' claims are barred by absolute immunity or qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

40.    Plaintiffs' claims are not ripe for adjudication.

WHEREFORE, State Defendant John H. Cordrey, in his official capacity, prays that:

1.     Plaintiffs' case be dismissed in its entirety;

2.     State Defendant recovers his court costs and reasonable attorneys fees in defense of this suit; and

3.     State Defendant recovers and receives any and all other relief to which he may be entitled.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Laura.Gerard@state.de.us
Attorney for State Defendant
        John H. Cordrey

Dated:  May 25, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2007, I electronically filed the attached Answer

of State Defendant John Cordrey to Plaintiffs' Amended Complaint, with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following:

Robert D. Epstein, Esq.                     James A. Tanford, Esq.
Epstein, Cohen, Donahoe & Mendes            Indiana University School of Law
50 S. Meridian St., Suite 505               211 South Indiana Ave.
Indianapolis, IN 46204                      Bloomington, IN 47405

I hereby certify that on May 25, 2007, I have mailed by United States Postal Service, the

document(s) to the following non-registered participants:

<u>By U.S. Mail, first class (2 copies):</u>
James R. Folsom, Esq.
1215 King Street
Wilmington, DE 19801

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Laura.Gerard@state.de.us