ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HURLEY, et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | 1:05-cv-826-SLR |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN CORDERY | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

The defendants have moved for an extension of the deadlines set in the court's scheduling order of April 25, 2007 (Doc. # 19). Plaintiffs respond as follows:

1. Plaintiffs have no objection to the court granting the Defendants additional time to respond to Plaintiffs' discovery requests beyond the September 28 deadline set in the scheduling order. For unknown reasons, Plaintiffs' discovery requests apparently were not received by the defendants' attorney until September 10, 2007. Plaintiffs suggest that if the deadline for responses is extended until October 15, 2007, it will give the defendants more than the allotted 30 days to respond to the discovery requests, but will allow the court to adhere to its original schedule in all other respects. Plaintiffs will still be able to file their summary judgment motion by October 31, 2007.

2. As of this date, Defendants have offered no explanation as to why they need substantially more than 30 days to respond to Plaintiffs' discovery requests. If they have good reasons, Plaintiffs are willing to consent to an extension until November 10, which would give them a full 60 days to respond, but which would require that other deadlines

1

in the court's scheduling order be re-set.

    3. Plaintiffs oppose the Defendants' request that they be given an extra 90 days within which to initiate discovery and file their first discovery requests. The Court's scheduling order was entered on April 25, 2007, and required that the answer be filed by May 25, 2007, and that discovery be completed by September 28, 2007. That gave defendants five months from the date of the order and four months from the date the Answer was filed to engage in discovery. They did nothing. The only explanation offered was that they were waiting to see whether the Plaintiffs filed any discovery requests (Doc. 21 ¶ 5). This is hardly a justification for a 90-day extension because the defendant's obligation to engage in discovery within the time set by the court is not related in any way to what the plaintiffs do, nor does the order set up some kind of sequential discovery schedule where the defendants' obligation to engage in timely discovery does not begin to run until after the plaintiffs have done so. The explanation is also belied by the fact that the plaintiffs <u>have</u> served their discovery requests, which were received by the defendants more than three weeks ago, yet the defendants still have done nothing and made no attempt to initiate any discovery of their own.

    4. The issue before the Court is the constitutionality of Delaware laws that prohibit out-of-state wineries from selling and delivering their products directly to Delaware residents. This is a question of law that will be decided on cross-motions for summary judgment. There are unlikely to be any factual issues, so discovery is largely tangential.

    5. The Defendants' suggestion that the court delay proceedings until the First

2

Circuit rules in a case involving a similar issue (*Cherry Hill v. Baldachin*) is without merit, and they offer no authority for the proposition that plaintiffs' right to have their case heard in Delaware depends on what happens in an unrelated case in a different Circuit. By that reasoning, this case would never be heard because there are numerous cases pending throughout the country bringing constitutional challenges against various state laws restricting interstate wine sales after *Granholm v. Heald*, 544 U.S. 460 (2005), and the court would be obliged to wait for them all. *See Cherry Hill Vineyards v. Hudgins*, 07-5128 (6th Cir.) (motion to dismiss appeal pending); *Jelovsek v. Bredesen*, 07-5443 (6th Cir.) (briefing underway); *Baude v. Heath*, 07-3338 (7th Cir) (not yet briefed); *Freeman v. Fischer*, 2:03-cv-3140 (D. N.J.) (pending on summary judgment); *Black Star Farms v. Oliver*, 2:05-cv-2620 (D. Ariz) (pending on summary judgment); *Beau v. Langley*, 4:05-cv-903 (E.D. Ark.) (pending on summary judgment).

**WHEREFORE**, Plaintiffs respectfully request that the court issue the proposed order attached and GRANT the defendants additional time until October 15, 2007, within which to respond to Plaintiffs discovery requests, but DENY all defendants' other requests for extensions of time.

October 3, 2007

        Respectfully submitted,
        ATTORNEYS FOR PLAINTIFFS

        s/ James R. Folsom
        James R. Folsom (Del. Atty no. 2739)
        1324 King St.
        Wilmington DE 19801
        Tel. (302) 658-2666
        delawareattorney@aol.com

        s/ **Robert D. Epstein**
Robert D. Epstein
EPSTEIN COHEN DONAHOE & MENDES
50 S. Meridian St., Suite 505
Indianapolis, IN   46204
Tel: 317-639-1326
Fax: 317-638-9891
rdepstein@aol.com

        s/ **James A. Tanford**
James A. Tanford
Indiana University School of Law
211 South Indiana Avenue
Bloomington, IN   47405
Tel: 812-855-4846
Fax: 812-855-0555
tanford@indiana.edu

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 3, 2007, he filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to the following registered user:

    Laura Gerard
    Deputy Attorney General
    820 N. French St., 6th floor
    Wilmington DE  19801
    Laura.Gerard@state.de.us

        s/ **James R. Folsom**
James R. Folsom (Del. Atty no. 2739)
1324 King St.
Wilmington DE 19801
Tel. (302) 658-2666
delawareattorney@aol.com