UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH HURLEY, and <br> KAREN G. WRIGHT AND STEPHEN WRIGHT, <br> d/b/a WRIGHT WINE WORKS, | ) <br> ) <br> ) |
| Plaintiffs, | ) |
| v. | ) Civ. No. 05-826-SLR |
| JOHN CORDERY, Delaware Alcoholic <br> Beverage Control Commissioner, | ) <br> ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF DATES IN SCHEDULING ORDER**

**NOW COMES**, State Defendant John H. Cordrey, by and through the undersigned counsel, and hereby replies to Plaintiffs' Opposition to Defendant's Motion for Extension of Dates in the Scheduling Order. The following is provided in support of this application:

1.  Plaintiffs' Certificate of Service of its Interrogatories to Defendant indicates Plaintiffs' Interrogatories were not mailed until September 4, 2007. Receipt of Plaintiffs' Interrogatories did not occur until September 10, 2007. Plaintiffs' service of discovery and the 30-day response period afforded under Fed.R.Civ.P. 33 were well-outside the September 28th date for discovery completion.

2.  Plaintiffs suggest that there is an urgency to this litigation, but waited three months to file initial discovery. Plaintiffs cannot have it both ways; either the matter is urgent and Plaintiffs should have began the process in May, or their delay indicates an absence of urgency, providing no grounds for objection to an extension.

3. Additionally, Plaintiffs' suggestion of an extension for Defendant's responses until October 15, 2007 is the time period already afforded Defendant. Fed.R.Civ.P. 5(b)(2)(B), 6, 33. Therefore, Defendant's response to the Interrogatories would be due Saturday, October 13, 2007. Fed.R.Civ.P. 5(b)(2)(B), 6.

4. Contrary to Plaintiffs' assertion, Defendant provided Plaintiffs with several reasons for the requested extension, as evidenced in emails between counsel (Exhibit A). First, Plaintiffs bear the burden of prosecution and, considering the loss in the Fourth Circuit Court of Appeals and denial of certiorari in *Brooks v. Vassar*, 462 F.3d 341 (4th Cir. 2006), *cert. denied*, 2007 WL 444488 (May 14, 2007), Defendant had no confidence that this litigation would continue. Second, Defendant's Answer was filed May 25, 2007. After the filing of Defendant's Answer, Plaintiffs knew of the allegations that Defendant accepted or denied and affirmative defenses raised and as such, as of the end of May, Plaintiffs were in a position to serve discovery, but delayed June, July and August without any discovery. Third, unlike Plaintiffs, Defendant was not in a position to appreciate the areas in which Plaintiffs are pursuing their case. Upon receipt of Plaintiffs' Interrogatories, Defendant is now able to ascertain some of the areas, some of which are realized for the first time, in which Plaintiffs are pursuing their case, and is contemplating its defense and discovery of those areas. For example, Plaintiffs' Interrogatories assume that the burden is on the State to show its important or compelling State interest. To the contrary, Plaintiffs have the initial proof to show undue burden. Because of their attempt to shift the burden of proof, Defendant believes it should be allowed to explore this. Defendant is currently working on discovery to further support its defenses, which it intends to serve on Plaintiffs by the end of October.

5. Additionally, Plaintiffs' counsel was initially willing to provide Defendant with a 60-day extension, but not a 90-day extension. D.I. 21, par. 8; Exhibit B. However, according to Plaintiffs' Opposition (D.I. 22), it appears Plaintiffs are no longer agreeable to even a 60-day extension. The reasons for Plaintiffs' initial suggestion and willingness of a 60-day extension to their current positions, are unclear to Defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to grant Defendant's request for a three-month extension of dates for discovery completion and filing of motions for summary judgment, as initially set forth in its Motion.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

 /s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Laura.Gerard@state.de.us
Attorney for State Defendant
    John H. Cordrey

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed the attached Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Extension of Dates in Scheduling Order, with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Robert D. Epstein, Esq.  
Epstein, Cohen, Donahoe & Mendes  
50 S. Meridian St., Suite 505  
Indianapolis, IN 46204

James A. Tanford, Esq.  
Indiana University School of Law  
211 South Indiana Ave.  
Bloomington, IN 47405

I hereby certify that on October 5, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

By U.S. Mail, first class (2 copies):  
James R. Folsom, Esq.  
1324 King Street  
Wilmington, DE 19801

STATE OF DELAWARE  
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard  
Laura L. Gerard (DE I.D. #3202)  
Deputy Attorney General  
Carvel State Office Building  
820 North French Street, 6th Floor  
Wilmington, DE 19801  
(302) 577-8400  
Laura.Gerard@state.de.us  
Attorney for State Defendant  
    John H. Cordrey